11 MARVIN, Chief Judge.
In this wrongful death and survival action, this court exercised its supervisory jurisdiction on the application of the defendant hospital to review the correctness of the trial court’s overruling the peremptory exceptions of no right of action and prescription the hospital filed against the demands of four additional plaintiffs who were joined with the original plaintiff more than one year after the original plaintiff timely instituted his action.
We affirm the trial court’s rulings.
DISCUSSION
The belatedly-joined four additional plaintiffs claim to be decedent’s adult illegitimate children and siblings of the original plaintiff, J. Ray Thomas, who timely filed his action within six months of the alleged wrongful death in 1992. The joinder of the four additional plaintiffs occurred more than three years later on October 4, 1995, while Thomas’s action was pending.
Under La. C.C. art. 209, an adult illegitimate child, who has not timely instituted a filiation action, is allowed to establish his or her right to recover damages under La. C.C. art. 2315 in “a proceeding ... brought within one year of the death of the alleged parent [which proceeding] may be cumulated with the action to recover damages.”
A belated action by adult legitimate children, who were joined by their father as additional plaintiffs more than one year after the death of their mother in the father’s timely instituted wrongful death and survival action, has been held to relate back to their *564 father’s petition and not to have prescribed. La. C.C.P. art. 1153. Giroir v. South La. Medical Ctr., 475 So.2d 1040 (La.1985). The only significant distinction between this and that ease is that the Giroir children were legitimate.
|2We hold that this distinction should not make a difference. In wrongful death and survival actions, illegitimate and legitimate children should be similarly treated. Children, as defined in La. C.C. art. 3506(8),. include those persons bom of the marriage, those adopted, and those whose filiation has been established in the manner provided by law. Art. 209 B and C state when filiation may be established:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within 19 years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
Emphasis supplied.
The defendant hospital contends the otherwise prescribed filiation action, admittedly for the sole purpose of establishing the right of action of illegitimates to recover wrongful death damages, should not relate back to the alleged sibling’s timely filing of the action because proof of each individual plaintiffs filiation is singularly unique to him or her and cannot be preserved other than by the individual plaintiff. That argument continues in this vein: One sibling’s timely 13action for wrongful death should not interrupt prescription accruing against an illegitimate who has not otherwise timely instituted his or her filiation action.
The same argument could be made in the case of legitimate children or in the case of two or more children of different mothers and circumstances, who individually suffer a singularly unique monetary damage from the wrongful death of a common father. The personal relationship of each child, legitimate or not, with the decedent and the individual effect of the death on the personal circumstances of that child, and that child’s burden of proof, are unique to each plaintiff.
We do not agree that the personal nature of the filiation action precludes the relating back of the amendment to the original petition. Any wrongful death-survival action arising out of the death of a parent, spouse or child, while heritable, involves the personal relationship of each individual plaintiff with the decedent and unique evidence with respect to each individual’s relationship and circumstances.
Instead of distinguishing between the right of action of legitimate and illegitimate surviving children, we emphasize that Art. 209 C connects the two actions, filiation and wrongful death-survival actions, for the special and sole circumstance created when the deceased parent is survived by illegitimate children, some of whom, for whatever reason, may not have timely established filiation before the death occurs. The older illegitimate may have become self-supporting and financially independent of the deceased parent, or the younger illegitimate college student may not sense the need to establish filiation.
The filiation proceeding allowed by Art. 209 is an express legislative exception to the general rule of prescription for unfiliated illegitimate children over the age of 19 for the sole purpose of allowing such children to establish a right of action to recover wrongful death and survival damages under Art. 2315. UOnly when the illegitimate proves his or her filiation does that right of action become established. The two actions may be cumulated to fulfill the sole purpose expressed by Art. 209 C.
*565 Without the legislatively created exception in Art. 209 C, a legitimate adult child has the right of action for wrongful death, but the illegitimate adult child does not. The law does not approve of such a distinction. See Pace v. State of Louisiana, through lasers, Inc., 94-1027 (La. 1/17/95), 648 So.2d 1302; Talley v. Succession of Stuckey, 614 So.2d 55 (La.1993). Art. 209 C negates such a distinction. Legitimate adult children who fail to timely institute a wrongful death-survival action have that right of action if they are joined as plaintiffs in a timely filed wrongful death action instituted by another plaintiff [a parent], related in interest. Gir-oir, supra. Illegitimate adult children have that same right of action if they are later joined as plaintiffs in a wrongful death action that was timely instituted by another plaintiff [a sibling], related in interest.
Allstate Insurance Company v. Theriot, 376 So.2d 950 (La.1979), is analogous. There the principal action in tort, filed within the prescriptive year, was later found not to have stated a cause of action. An intervention stating a cause of action while the principal action was pending, was filed after the prescriptive year. The intervention action was found to have arisen out of the conduct or occurrence set forth in the principal action and the claim and relationship of the interve-nor was found to have been closely connected to that of the original plaintiff. The court held the intervention action had not prescribed. The court explained that if the subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must: (1) be based upon the same factual occurrence as the subsequent claim by amended petition or intervention; and (2) the subsequent claimant must be closely connected in relationship and identity of interest with the original plaintiff. The court reasoned Isthat prescription does not bar the subsequent claim in such instances because the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. La. C.C.P. art. 1153. That rationale applies here.
CONCLUSION
Finally and following the rationale of the above authorities, we find that the claim of each individual illegitimate joined as a co-plaintiff arises out of the same occurrence as the timely-asserted claim of the original plaintiff, and the interest of each additional plaintiff is facially related to the interest of original plaintiff. We find nothing in the record at this juncture which suggests that the hospital may be prejudiced in preparing and conducting its defense against the additional plaintiffs, but reserve all such potential defenses on the merits of an illegitimate plaintiffs filiation to defendant-applicants.
DECREE
Having exercised our supervisory jurisdiction on the application of defendants, we affirm the trial court rulings of which defendants complain. Costs of this review, here and below, are assessed to defendants.
AFFIRMED AND REMANDED TO THE TRIAL COURT.