713 So.2d 466 (1998)
J. Ray THOMAS
v.
SISTER OF CHARITY OF THE INCARNATE WORD SHREVEPORT, Louisiana d/b/a Schumpert Medical Center and XYZ Insurance Company.
No. 97-CC-1443.
Supreme Court of Louisiana.
July 8, 1998.
Mark Anthony Goodwin, Shreveport, for Applicant.
Guy A. Modica, Modica & Dowden, Baton Rouge, for Respondent.
LEMMON, Justice.[*]
This is a wrongful death action filed by five persons claiming to be the illegitimate children of Isaac Hardman, Jr., who sustained fatal injuries while a patient at Schumpert Medical Center on March 8, 1992. One of the plaintiffs filed an action for filiation and for damages on August 10, 1992. *467 On October 4, 1995, the other four plaintiffs were joined by supplemental petition which asserted that their claims should relate back to the date of the filing of the original petition. The sole issue before the court is whether the added plaintiffs, who did not claim filiation until more than one year after the alleged tort victim's death, are entitled to establish filiation solely for the purpose of asserting the damages claim.

I
On March 8, 1992, Hardman, while a patient in the hospital, wandered around, fell off the roof, and was killed. On August 10, 1992, J. Ray Thomas filed a survival and wrongful death action, which he cumulated with an action for filiation as allowed under La. Civ.Code art. 209C. Defendant answered, denying the allegations of negligence and of filiation.
On October 4, 1995, four other persons, also claiming to be Hardman's illegitimate children, filed a supplemental and amending petition asserting claims for survival and wrongful death damages, and for filiation. Defendant responded with exceptions of no right of action and prescription. The trial court overruled both exceptions and referred the issue of plaintiffs' paternity to the trial on the merits.
The court of appeal affirmed. 29,346 (La. App. 2 Cir. 5/7/97); 694 So.2d 563. The court relied on Giroir v. South La. Med. Ctr., 475 So.2d 1040 (La.1985), which held that a supplemental petition for damages, filed by the tort victim's legitimate children more than one year after her death, related back under La.Code Civ. Proc. Art. 1153, for purposes of prescription, to the date of the timely filing of the original petition by the tort victim's spouse (who was also a survival and wrongful death beneficiary under Articles 2315.1 and 2315.2). Reasoning that the sole distinction between this case and Giroir is that the added plaintiffs in Giroir were legitimate children, the court observed that this distinction should not make a difference and allowed the amending petition to relate back to the date of filing of the original petition.
We granted certiorari in this case to review the correctness of that decision. 97-1443 (La.10/3/97); 701 So.2d 181.

II
In order to win this litigation, plaintiffs must prevail in two separate (although cumulated) actions. Plaintiffs first must prove their filiation to Hardman in order to qualify as "children" entitled to bring a survival and wrongful death action, and then must prove the fault, causation and damages elements of their tort action.
La. Civ.Code art. 209B provides the requirements for proof of filiation, as follows:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
La. Civ.Code art. 209C provides a limitation on the time for bringing a filiation action, as follows:
The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (emphasis added).
Under Article 209C, the general rule is that a child must bring an action for filiation within one year of reaching the age of majority. However, if the child is a minor at the time of the death of the alleged parent, the child must bring the action within one year of the alleged parent's death, regardless of the child's age. After the occurrence of either of these eventsone year from majority or one year from the death of the alleged parent the child may not thereafter establish filiation. However, Article 209C further provides *468 an exception when the filiation action is brought for the sole purpose of establishing the right to recover damages under Article 2315. The purpose of the exception appears to be to allow a child who is over the age of nineteen at the time of the alleged parent's death to bring a filiation action, but only for the purposes of establishing the right to recover survival or wrongful death damages and not for any other purpose such as recovering succession rights.
In the present case, the original plaintiff filed suit within one year of the alleged parent's death, and defendant has not objected to the timeliness of that claim. However, the added plaintiffs' suit was filed more than one year after the death of the alleged parent, and defendant seeks dismissal on grounds of prescription and of no right of action.

III
The right of action under La. Civ.Code arts. 2315.1 and 2315.2 is afforded to several categories of survivors. The primary category includes "children" of the tort victim. The term "children" includes "those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law...." La. Civ.Code art. 3506(8). In the present case, if the added plaintiffs cannot establish paternity, then they have no right of action to assert a claim for survival and wrongful death damages.
The court of appeal held that since the Giroir decision recognized a right of action for damages for legitimate adult children who failed to institute a timely wrongful death action if they are joined as plaintiffs in an existing survival and wrongful death action filed timely by another member of their category of survivors, "[i]llegitimate adult children have that same right of action if they are later joined as plaintiffs in a wrongful death action that was timely instituted by another plaintiff [ ], related in interest." 29,346 at p. 4; 694 So.2d at 565. In concluding that the later claims were timely filed, the court applied the provisions of La.Code Civ. Proc. art. 1153 to conclude that the amended petition arising out of the same occurrence "relates back to the filing of the original pleading." The court of appeal disapproved of any distinction between the treatment of legitimate and illegitimate in asserting a right of action for survival and wrongful death damages, noting that Article 209C "negates such a distinction." 29,346 at p. 4; 694 So.2d at 565.
Legitimate and illegitimate children have the same time limitation within which to file a survival and wrongful death actionthe one-year from death period provided in Articles 2315.1 and 2315.2. Here, one illegitimate child filed his survival and wrongful death action timely, and his suit is not contested on that basis. If he proves filiation in the action that was timely filed and cumulated with the damages action, his right of action to proceed with the claim for damages will be recognized.
The dual problem facing the added plaintiffs is that they not only failed to file their wrongful death action timely, but also failed to file timely their demand for filiation. If the added plaintiffs had filed their action for filiation timely but had not filed their wrongful death action within a year of the death of the alleged tort victim, perhaps they could have invoked the "relation back" doctrine of La.Code Civ. Proc. art. 1153 to take advantage of a timely wrongful death action filed by any other illegitimate (or legitimate) children of the tort victim, as did the added plaintiffs in Giroir. In this respect they would be treated no differently than legitimate children in the same situation, attempting to have their wrongful death action (filed more than one year after the death of the tort victim) relate back for purposes of prescription to an earlier filed timely action.[1] However, the added plaintiffs did not file their filiation action timely, and they are precluded by the express terms of Article 209C from establishing filiation, which is prerequisite *469 to a right of action to assert an action for survival and wrongful death damages.
Contrary to the reasoning of the court of appeal, Article 209C does not create any exception that gives illegitimate children the same right of action to survival and wrongful death damages as legitimate children. The right of action for survival and wrongful death damages is provided by Articles 2315.1 and 2315.2, which give that right of action to "children" who, as defined by Article 2506(8), include legitimate children and illegitimate children who have established filiation to the parent. Inasmuch as the added plaintiffs have not established filiation, and cannot do so because of the time limitations of Article 209C, they have no right of action to assert a claim for survival and wrongful death damages.
For these reasons, the judgments of the lower courts overruling the exceptions of prescription and no right of action are reversed. The exception of prescription is maintained as to the filiation action, and the exception of no right of action is maintained as to the damages action. Accordingly, the supplemental petition is dismissed with prejudice.
JOHNSON, J., dissents.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.
[1] The added plaintiffs in this case are being treated differently from legitimate children only because they did not file an action to establish filiation timely so as to qualify as "children" entitled to bring an action for damages.