11 BYRNES, J.
Plaintiff-appellant, Kenneth Batiste, appeals a judgment of the trial court granting the exception of prescription urged by the defendant, H & F, Inc. And dismissing plaintiff’s claim against H & F, Inc.
The judgment dismissing H & F was a partial judgment because other defendants remain in the suit. Neither the parties nor the trial court certified the judgment as final as required by LSA-C.C.P. art. 1915 B. We are aware that at least one other circuit has ruled that LSA-C.C.P. art. 1915 B applies only to claims and not to “parties.” According to that line of reasoning, a partial judgment dismissing a party may still be a *675 final judgment under 1915 A without the necessity of certification under 1915 B. Our reading of 1915 B leads us to a different conclusion. We note that 1915 B(l) specifically refers to partial judgments “as to one or more but less than all of the ... parties ...” We also note that 1915 B(2) specifically refers to “any order or decision which adjudicates fewer than all of the claims ... of fewer than all of the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal.” It is impossible to ignore the many references to “parties” found in 1915 B(l) and 1915 B(2). We are directed not to ignore the clear language of the statute just because it is inconsistent with what this court may feel was the intent of the legislature. LSA-C.C. art. 9. Moreover, to the extent that the references to “parties” in 1915 B is difficult to reconcile with the references to |2“parties” in 1915 A, 1915 B should take precedence over 1915 A as it was enacted more recently.
On December 3, 1998, this Court ordered the parties to show cause why this' appeal should not be dismissed for lack of certification or designation as a final judgment. In response, on December 18, 1998, this Court received a letter from Edmond C. Hasse, III, counsel for H & F, Inc., appellee, representing to this Court that the parties now, for the first time, agreed to designate the judgment below as final. In other words the designation was not made prior to the time the appeal was lodged. “The timeliness of an appeal is determined at that time. There was no final appealable judgment at that time.” John Montgomery and Idell Romas, III v. Maurice Gosserand and Regal Insurance Company, 98-1966 (La.App. 4 Cir. 12/23/98); 725 So.2d 92. We do not believe that the parties can cure the defect ex post facto. We also believe that it was the implicit intention of the legislature that the designation occurs at the trial court level, under the supervision of the trial court, despite the fact that an argument can be made that this position is inconsistent with the principles of judicial economy.
This Court has encountered so many variations and permutations on situations arising under the new partial judgment rules, many of which are difficult to reconcile, and many of which are in conflict with decisions reached in other circuits, that we urge the Supreme Court to step into this arena and provide some guidelines. We do not anticipate that this will be easy when each case seems to raise some new twist in what fast seems to be becoming an apparently limitless set of distinguishable differences depending on the facts that makes the fixing of guidelines very difficult.
For the foregoing reasons we dismiss this appeal.
APPEAL DISMISSED.