h JONES, Judge.
Defendant/appellant, Kenneth Battiste, appeals the judgment of the trial court sustaining an Exception of Prescription. Following a review of the record, we reverse the judgment of the trial court and deny the exception of prescription.

FACTS

Mr. Battiste filed a Petition for Wrongful Discharge against Jani King of New Orleans, the secretary and director of the company, Jim Cavanaugh, and its two additional directors, Jerry Crawford and Karen Hunter. According to the petition, Mr. Battiste injured his back while trying to push a 400 pound scrub machine up a ramp. He subsequently filed a claim for worker’s compensation. On August 1, 1996, when Mr. Battiste returned to work following medical treatment, his employer terminated him. Mr. Battiste concluded that his termination was the result of the worker’s compensation claim he filed against his employer; therefore, he filed suit against his employer pursuant to LSA-R.S. 23:1361 A.[1]
li>On April 29, 1997, Mr. Battiste amended his petition to name Enmon Enterprises, Inc. d/b/a Jani King of New Orleans (Enmon) as an additional defendant. Both Jani King and Enmon later denied having any liability for Mr. Battiste’s injuries, arguing that they were not the employers for the plaintiff at the time of his injuries. Thereafter, on May 20, 1997, the attorney for Enmon sent a letter to plaintiffs attorney indicating that Mr. Battiste’s only employer was H & F, Inc.(H & F). Enmon’s attorney also attached copies of Mr. Bat-tiste’s check stubs as verification of his employment with H & F.
On October 16, 1997, Mr. Battiste amended his petition a second time to name H & F as an additional defendant. After being served with a copy of the petition, H & F filed a Peremptory Exception of Prescription with Supporting Memorandum on May 18, 1998, and the trial court sustained the exception on May 22, *954 1998. From this judgment, Mr. Battiste appeals.[2]

PRESCRIPTION ON RETALIATORY DISCHARGE CLAIMS

In his sole assignment of error, Mr. Battiste argues that the trial court erred in sustaining the exception of prescription because Jani King, Enmon and H & F were all derivatives of Jani King of New Orleans. He also argues that although counsel for Enmon did disclose the name of Mr. Battiste’s employer (H & F), En-mon’s counsel did not inform him of who the owners of H & F were or where H & F was located. Additionally, Mr. Battiste argues that it was Susan Bustamante, |3a representative of Enmon Enterprises, who completed the Disputed Claim form for worker’s compensation benefits and listed “Enmon” as the employer. Therefore, Mr. Battiste argues that prescription had not run when he amended his petition on October 16,1997, to add H & F as an additional defendant.
H & F, on the other hand, argues that plaintiffs counsel was adequately and timely informed of his client’s employer on May 20, 1997. Therefore, despite plaintiffs subsequent amendment to his petition, H & F argues that its Exception of Prescription should be sustained. H & F also argues that the one-year prescriptive period for plaintiffs claim of retaliatory discharge expired on August 1, 1997, and that his claim should be dismissed considering the amended petition was filed more than one year after his discharge from employment. Further, H & F argues that plaintiffs second amended petition does not relate back to the filing of his original petition. We disagree.
LSA-R.S. 23:1361 prohibits discrimination by employers in their hiring and firing practices against those who have exercised their right to worker’s compensation benefits. Sampson v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992). However, because the cause of action created by LSA-R.S. 23:1361 does not constitute a worker’s compensation matter or claim, the district courts have not been divested of jurisdiction of this particular cause of action. Id. (Emphasis added). Nevertheless, the cause of action created by the retaliatory conduct of the employer is governed by the one-year prescriptive period of LSA-C.C. art. 3492, and prescribes one year from the date of the discharge. Maquar v. Transit Management, 593 So.2d 365 (La.1992); see also Nicholson v. St. John the Baptist Parish School Board, 97-846 (La.App. 5 Cir. 1/14/98), 707 So.2d 94, writ not considered, 98-0411 (La.3/27/98), 716 So.2d 879.
|4In the case sub judice, Mr. Battiste did timely file his petition in the district court; however, the dispute between the parties surrounds whether Mr. Battiste filed his petition against the proper defendant within the one-year prescriptive period.
In Baker v. Conagra Broiler Co., 93-1230 (La.App. 3 Cir.1994), 640 So.2d 494, 497, our brethren in the Third Circuit held that LSA-C.C.P. art. 1153 allow a party to amend his pleadings where the original pleading gives fair notice of the original fact situation out of which the amended claim arises. (Emphasis added). Further, the Third Circuit found that the statute would allow the amendments to relate back to the original filing even if the party added new plaintiffs, added new defendants, stated a different cause of action, or changed the relief prayed for. Id. Additionally, it is also well settled that prescriptive statutes, including LSA-C.C.P. art. 1153, are to be applied liberally and without undue restriction by technical rules. See Louisiana Health Service and *955 Indemnity Co. v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090; see also Robinson v. Whitney Nat Bank, 97-1778 (La. App. 4 Cir. 3/4/98, 709 So.2d 937), writ denied 98-1127 (La.6/5/98), 720 So.2d 688.
In Picone v. Lyons, 593 So.2d 829 (La. App. 4 Cir.1992), the “interruption” as to one solidary obligor, is “continuous” and it will prevent prescription from running as to all solidary obligors, even as to those who have not been named in the first timely filed petition — for as long as the suit is pending. However, this Court refused to find that a plaintiff could bring in other defendants after the initial petition was filed twelve years earlier. Picone, 593 So.2d at 832. The Louisiana Supreme Court reversed this Court’s decision on appeal, finding that there was no due process violation committed by the plaintiff and that prescription would be | ¡¡interrupted if the trial court found that the added defendants were solidarity liable. Picone v. Lyons, 601 So.2d 1375 (La.1992).
Unlike Picone, the plaintiff herein, without the benefit of discovery, only waited an additional five months to amend his original petition to include H&F. Thus, we find that his delay in including H & F in the lawsuit until he ascertained whether H & F was actually Mr. Battiste’s employer was reasonable. We also find that prescription was interrupted once the evidence revealed that Enmon voluntarily listed itself as Mr. Battiste’s employer, and failed to previously inform the plaintiff that he was in fact an employee of one of Jani King’s independent franchisees.[3]
Moreover, it would be unreasonable for this Court to find that Mr. Battiste’s claim for damages for retaliatory discharge had prescribed simply because Enmon, notwithstanding the evidence to the contrary, claimed not to be Mr. Battiste’s employer. Thus, we conclude that notice of this lawsuit to Enmon was in fact notice to H & F according to the facts of this case. Therefore, we find that plaintiffs second amended petition relates back to the filing of the original petition. Accordingly, we conclude that it was manifest error for the trial court to sustain H & F’s Peremptory Exception of Prescription.

DECREE

For the foregoing reasons, we reverse the judgment of the trial court and deny the peremptory Exception of Prescription filed by H & F Inc.

REVERSED.

. LSA-R.S. 23:1361 A reads as follows:
No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker’s compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.

. Mr. Battiste filed his first appeal with this Court on July 23, 1998. However, this Court dismissed the appeal because the trial court did not certify the judgment sustaining the Peremptory Exception of Prescription as a final appealable judgment. See LSA-C.C.P. art. 1915(B)(1); see also Batiste v. Jani King of New Orleans, 98-1813 (La.App. 4 Cir. 2/10/99), 729 So.2d 674.

. The record indicates that H&F received discounts on its worker’s compensation insurance premiums because H&F classified its workers as Enmon Enterprises employees on their insurance policies. Further, the record reflects that all three entities, Jani King of New Orleans, Enmon Enterprises and H&F Inc., used the same business address, which is the same address Enmon used on Mr. Bat-tiste’s Disputed Claim form.