834 So.2d 1180 (2002)
Denise LEWIS, Individually and on Behalf of Her Minor Child, Bryan Joseph Lewis; Joanna Jones, Individually and on Behalf of Her Minor Children, Brinton Jones, and Britney Jones; Avona Dorsey, Individually and on Behalf of Her Minor Children, et al.
v.
TRANSOCEAN TERMINAL OPERATORS, INC.
No. 2002-CA-0152.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 2002.
*1181 David W. Bernberg, New Orleans, LA, for Plaintiffs/Appellants.
Kent B. Ryan, Lemle & Kelleher, L.L.P., New Orleans, LA, for Defendants/Appellees, Memco Barge Line, Inc., et al.
Brien J. Fricke, Daniel E. Knowles, III, Burke & Mayer, New Orleans, LA, for Defendant/Appellee, Channel Shipyard of New Orleans, Inc.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN and Judge MAX N. TOBIAS, Jr.).
JOAN BERNARD ARMSTRONG, Judge.
This is a wrongful death and survival action. The claims of the appellants, who are illegitimate children of the deceased, were dismissed upon exceptions of no right of action. For the reasons given below, we will reverse and remand for further proceedings.
Plaintiffs' decedent, Brian Walker, was a longshoreman. He drowned in a work-related accident on January 15, 2000. The plaintiffs-appellants, who are seven illegitimate minor children of Brian Walker, filed a wrongful death and survival action on January 21, 2000. A succession of Brian Walker was opened by the filing of a petition for appointment of provisional administrator, affidavit of death and heirship and detailed descriptive list of assets and liabilities on April 12, 2000. The affidavit states that Brian Walker had seven minor children and lists the same seven minor children who were named as plaintiffs in the present wrongful death and survival action.
Neither the petition which initiated the present wrongful death and survival action, nor the original petition, affidavit and descriptive list which initiated the *1182 succession proceedings, explicitly prayed for filiation of the seven minor children to Brian Walker. However, on March 19, 2002, an amended and supplemental petition, explicitly seeking filiation of the seven minor children to Brian Walker, was filed in the succession proceeding. A hearing was held in the succession proceeding on March 28, 2002 and a judgment filiating the seven minor children to Brian Walker was rendered that same date.
In order to have a right of action for wrongful death and survivorship, the seven illegitimate minor children must have been filiated to Brian Walker. E.g., Thomas v. Sister of Charity of the Incarnate Word, 97-1443 (La.07/08/98), 713 So.2d 466. A filiation proceeding must be brought within certain time limits and, for purposes of the present case, the applicable time limit is one year from the death of the alleged parent, Brian Walker. La. Civ.Code art. 209; Thomas, supra.
The defendants-appellees argue that no filiation proceeding was brought timely because the supplemental and amending petition in the succession proceeding, which was the first pleading explicitly praying for filiation of the seven minor children to Brian Walker, was not filed until more than one year after the death of Brian Walker. The seven minor children plaintiffs in effect argue that their supplemental and amending petition in the succession proceeding relates back to the filing of the original petition initiating the succession proceeding which original petition was filed within one year of the death of Brian Walker.
Article 1153 of the Code of Civil Procedure provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Pursuant to this article, once an amendment to a petition is deemed to relate back to the filing of the original petition, prescription with regard to the amendment is interrupted as of the filing date of the original petition. E.g., Trentecosta v. Beck, XXXX-XXXX (La.App. 4 Cir. 05/02/01), 786 So.2d 885.
So long as comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition and it makes no difference that the amended petition seeks additional relief:
In Baker v. Conagra Broiler Co., 93-1230 (La.App. 3 Cir.1994), 640 So.2d 494, 497, our brethren in the Third Circuit held that LSA-C.C.P. art 1153 allow a party to amend his pleadings where the original pleading gives fair notice of the original fact situation out of which the amended claim arises. (Emphasis added). Further, the Third Circuit found that the statute would allow the amendments to relate back to the original filing even if the party added new plaintiffs, added new defendants, stated a different cause of action, or changed the relief prayed for. Id. Additionally, it is also well settled that prescriptive statutes, including LSA-C.C.P. art. 1153, are to be applied liberally and without undue restriction by technical rules. See Louisiana Health Service and Indem. Co. v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090; see also Robinson v. Whitney Nat. Bank, 97-1778 (La.App. 4 Cir. 3/4/98) 709 So.2d 937, writ denied 98-1127 (La.6/5/98), 720 So.2d 688. *1183 Battiste v. Jani King of New Orleans, 99-1395, p. 4 (La.App. 4 Cir. 02/16/00), 753 So.2d 952, 954.
In the present case, the petition and accompanying affidavit initiating the succession proceeding list the seven minor children by name and state that they are the minor children of Brian Walker. The supplemental and amending petition simply seeks additional relief, i.e. filiation to Brian Walker, for those same seven minor children. It is true that the original petition and accompanying affidavit do not expressly state that the seven minor children are illegitimate children of Brian Walker, but they do state that Brian Walker was not married and all of the seven minor children are listed with last names other than "Walker" (i.e., Lewis, James, Drosey and Smith). Anyone who read the original petition and accompanying affidavit initiating the succession proceeding would have fair notice of the factual situation out of which the supplemental and amended petition, explicitly seeking filiation, arises. Thus, the supplemental and amending petition explicitly seeking filiation relates back to the timely filing of the original petition and accompanying affidavit initiating the succession proceeding.
We have considered the Supreme Court's decision in Thomas, supra, and find it to be not on point with the present case. In Thomas, a single illegitimate child of the decedent filed a timely wrongful death and survival action and filiation action. Later, more than a year after the decedent's death, four other illegitimate children of the decedent filed a supplemental and amending petition for wrongful death and survivorship and filiation. The Thomas court found the four additional plaintiffs' filiation action to be untimely. In the present case, the same seven minor children are named as the children of Brian Walker in both the original petition and accompanying affidavit initiating the succession proceeding and in the supplemental and amending petition explicitly seeking filiation. In Thomas, a timely-filed original petition by one illegitimate child would not give fair notice of the factual circumstances as to four other illegitimate children. A person reading the original, timely-filed petition by one illegitimate child would be subject to surprise by the filing of a later, untimely petition by four other illegitimate children. In the Thomas case, the four illegitimate children who filed untimely were not named at all in any timely-filed petition. In the present case, the seven minor children were all named in timely-filed pleadings. In Thomas, completely new parties sought to initiate litigation untimely. In the present case, the seven minor children simply seek additional relief in the supplemental and amending petition.
We also have considered this court's recent decision in In re: R.C. Bester, 2000-2208 c/w 2000-2209 c/w 2000-2210 (La. App. 4 Cir. 9/18/02) 828 So.2d 644. We find Bester to not be on point with the present case. In Bester, the alleged illegitimate child of the decedent never filed an amended petition to explicitly seek filiation. Thus, the Bester court had no occasion to consider relation back of an amended petition which properly sought filiation.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED.