| .GUIDRY, J.
In this wrongful death and survival action, plaintiff, Donald Reese, appeals the trial court’s judgment granting defendant’s, State of Louisiana, Department of Public Safety and Corrections (State), peremptory exception raising the objection of no right of action. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 30, 2000, James Williams Jr. died while serving as an inmate at Louisiana State Penitentiary at Angola. Thereafter, on April 4, 2001, Donald Reese and Verna Nabonne, on behalf of her minor child, James Nabonne, filed a petition for damages, asserting claims for survival and wrongful death damages as the deceased’s surviving children. In response, the State filed a peremptory exception raising the objection of no right of action on February 27, 2002. The State claimed that the plaintiffs were without legal right of action to institute the suit because they were not the legitimate children of the deceased, and they failed either to show filiation in accordance with La. C.C. art. 203 or to timely file a filiation action in accordance with La. C.C. art. 209.
Thereafter, on March 25, 2002, Donald Reese and Verna Nabonne, on behalf of her minor child James Nabonne, filed a First Supplemental and Amending Petition alleging the formal acknowledgment, or alternatively, the informal acknowledgment by James Williams Jr. of Donald Reese and James Nabonne. Following an April 1, 2002 hearing, the trial court issued a judgment on May 3, 2002, granting the State’s exception as to Donald Reese.[1] Donald Reese now appeals this judgment and claims that the trial court erred as a matter of law in granting the State’s exception.
J^DISCUSSION
Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. In the instant case, the right of action under La. C.C. arts. 2315.1 (survival ac *622 tion) and 2315.2 (wrongful death action) is afforded to several exclusive categories of survivors listed in those articles. The primary category under both articles includes “children” of the deceased tort victim. The term “children” includes “those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law....” La. C.C. art. 3506(8); Thomas v. Sister of Charity of the Incarnate Word Shreveport, 97-1443, p. 4 (La.7/8/98), 713 So.2d 466, 468.
Louisiana Civil Code article 209, entitled proof of filiation, provides, in pertinent part, as follows:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. [Emphasis added.]
In the instant case, Donald Reese claimed in his original petition for damages to be a surviving child of the deceased, James Williams Jr. No other facts were alleged in the original petition to suggest that Donald Reese was attempting to bring a proceeding to establish his filiation to James Williams Jr. As such, we find that this factual allegation alone was not sufficient to plead filiation under La. C.C. art. 209 C. See In re Bester, 00-2208 (La.App. 4th Cir.9/18/02), 828 So.2d 644, writ denied, 02-2579 (La.12/13/02), 831 So.2d 988; compare Succession of Stevenson, 492 So.2d 100 (La.App. 1st Cir.), writ denied, 494 So.2d 1178 (La.1986).
However, in the amended petition filed in March of 2002, Donald Reese asserted that he was formally acknowledged by James Williams Jr. or alternatively, he was informally acknowledged during James Williams Jr.’s life. Based on this subsequent amendment, Donald Reese argues, alternatively, that he properly asserted an action for filiation and that such action was filed within the above mentioned time limitation because it relates back to the original timely filed petition for damages.
Louisiana Code of Civil Procedure article 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
It is well established that Article 1153 permits amendment, despite technical prescriptive bars, where the original pleading gives fair notice of the general fact situation out of which the amended claim arises. Where there is some factual eon-nexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be al *623 lowed. Gunter v. Plauche, 439 So.2d 437, 440 (La.1983).
In the instant case, we do not find that Donald Reese’s filiation action, as contained in his amended petition, meets the above requirements so as to enable it to relate back to the timely filing of the original petition. First, as noted above, we do not find the mere assertion by Donald Reese that he is the child of James Williams Jr. to be sufficient to constitute an attempt to set forth a cause of action for filiation. As such, the original petition does not give fair notice to the State of | r,the general fact situation out of which the filiation claim arises. Therefore, we find that the filiation action asserted in the amended petition does not arise out of the conduct or occurrence, being the negligence of the State, which was the only cause of action set forth in the original petition.
Donald Reese refers this court to the recent Louisiana Fourth Circuit Court decision in Lewis v. Transocean Terminal Operators, Inc., 02-0152, pp. 3-4 (La.App. 4th Cir.12/11/02), 834 So.2d 1180, 1183, writs denied, 03-0080 (La.3/28/03), 840 So.2d 572 and 03-0111 (La.3/28/03), 840 So.2d 572. In that case, seven illegitimate minor children filed a wrongful death and survival action. A few months later, the same seven children filed a petition to initiate the succession of their deceased father. In this succession petition, the children did not expressly state that they were the illegitimate children of the deceased, but they did assert that the deceased was not married and all of their names were listed with last names other than the deceased’s. Close to a year later, the seven children amended their petition in the succession proceeding to explicitly seek filiation to the deceased. Thereafter, in the wrongful death and survival action, the trial court granted Transocean’s exception raising the objection of no right of action, implicitly finding that the filiation action was not timely raised. However, the fourth circuit on appeal reversed the trial court’s judgment, finding that the amended petition explicitly seeking filiation related back to the timely filing of the original petition in the succession proceeding. In particular, the fourth circuit found that “[ajnyone who read the original petition and accompanying affidavits initiating the succession proceeding would have fair notice of the factual situation out of which the supplemental and amended petition, explicitly seeking filiation, arises.” Lewis, 02-0152, at 4, 834 So.2d at 1183.
In the instant case, only wrongful death and survival actions were filed. Donald Reese sought, through amendment to those actions, to assert filiation to | fiJames Williams Jr. and have that filiation action relate back under the principles articulated above. We need not decide whether we agree with the fourth circuit’s decision in Lewis because that case is distinguishable from the facts as presented in the case currently before us. Particularly, we note in Lewis the children at least alleged that their father was not married, thereby directly asserting a fact regarding the children’s legitimacy. However, in the instant case, no allegations as to Donald Reese’s legitimacy were made; it was simply alleged that Donald Reese was the surviving child of the deceased James Williams Jr.
As stated previously, we find that this mere assertion, even if combined with the fact that the last name of the plaintiff child differed from the last name of his deceased father, is insufficient to give the State fair notice of the general fact situation out of which a filiation action arises and therefore does not relate back to the timely filing of the original petition for damages. Additionally, because the amended petition does not relate back, and was otherwise *624 filed well outside the prescriptive period set forth in La. C.C. art. 209 C, we agree with the trial court in concluding that Donald Reese is without a right of action to institute the wrongful death and survival actions.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant, Donald Reese.
AFFIRMED.
PETTIGREW, J., dissents and assigns written reasons.

. In the same judgment, the trial court dismissed the State’s exception as to Verna Na-bonne, on behalf of her minor child, James Nabonne.