1 ¶PETTIGREW, J.,
dissenting.
I must respectfully dissent from the majority in affirming the trial court in this matter.
The plaintiffs in this case, Donald Reese and James J. Nabonne, filed a petition for wrongful death and survival action against the state, pursuant to La. Civ.Code arts. 2315.1 and 2315.2. These actions are afforded to several exclusive categories of survivors listed in those articles. Both articles include “children” of the deceased tort victim. The term “children” includes those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law. La. Civ.Code Art. 3506(8); Thomas v. Sisters of Charity of the Incarnate Word Shreveport, 97-1443, p. 4 (La.7/8/98), 713 So.2d 466, 468.
With regard to proof of filiation, La. Civ.Code art. 209 C provides, in part:
If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Art. 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
Therefore, the petition for damages and the petition for filiation may be filed in the same proceeding at the same time. See and compare Succession of Stevenson, 492 So.2d 100 (La.App. 1 Cir.), writ denied, 494 So.2d 1178 (La.1986), dealing with a succession proceeding.
LThe real question before us is: did the allegations of the plaintiffs’ petition sufficiently put the defendants on notice that filiation was an issue in this case? Contrary to the majority, I am of the humble opinion it did.
First of all, the plaintiffs’ petition identifies the decedent and tort victim, James Williams, Jr., who died on April 30, 2000. The petition further identified who the plaintiffs were: Donald Reese, a major resident and domiciliary of Orleans Parish; and a minor child by the name of James J. Nabonne, also a resident and domiciliary of Orleans Parish. Obviously, the plaintiffs have different last names from the decedent and tort victim.
In paragraph two of plaintiffs’ petition, it states “Petitioners, Donald Reese and James J. Nabonne, are the surviving children of James Williams, Jr. who died on April 30, 2000.” Paragraph thirteen of the plaintiffs’ petition provides, “Petitioners, as the sole surviving children of James Williams, Jr., specifically assert and plead the survival action provided for in La. C.C. Art. 2315.1.” Also, in paragraph fourteen, they allege the wrongful death of their father, James Williams, Jr.
The plaintiffs have identified James Williams, Jr. as their father. It is apparent from the pleadings they have different last names, and they have also identified that they are the sole surviving children of James Williams, Jr. I am of the humble opinion that these bare allegations were sufficient to put the defendants on notice that filiation was an issue in this case, even though it was not artfully done.
*625 There is no surprise to the defendants; and the plaintiffs, by filing their first supplemental and amending petition for damages on March 25, 2002, clarified these factual issues. It is my opinion that this amending petition related back to the filing of the original petition. It added neither new parties nor causes of action. If the plaintiff, Donald Reese, was not named as a plaintiff in the original petition for damages, but then was included in the first supplemental and amending petition, I would agree with the majority that this would not relate | ¡¡back. However, Donald Reese has been named as a plaintiff in this case from the very beginning, and has alleged that he is the child of James Williams, Jr. I therefore feel the first supplemental and amending petition related back to the filing of the original petition.
Courts should construe pleadings in such a manner as to achieve substantial justice. La.Code Civ. P. art. 865; Katz v. Katz, 412 So.2d 1291, 1293 (La.1982). In order to arrive at the truth and avoid miscarriages of justice, harsh, technical rules of pleading are not favored in Louisiana. La.Code Civ. P. art. 854; Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297, 802 (La.1973). Courts must look beyond the style and caption of pleadings to determine their true nature. Cook v. Matherne, 432 So.2d 1039, 1041 (La.App. 1 Cir.1983).
Therefore, I must respectfully dissent from the majority. I would reverse the trial court’s judgment granting the exception raising the objection of a no right of action in favor of defendants. I would remand this matter to the trial court for further proceedings, including a hearing on filiation.