11 DREW, J.
The issues are whether plaintiffs’ initial wrongful death petition constituted an action seeking filiation to the decedent of the four illegitimate Jackson plaintiffs, and whether their amended petition expressly seeking filiation related back to the filing of the plaintiffs’ initial petition. This court granted a writ of certiorari and docketed this matter for decision after reviewing the writ application of defendants, Medical Transportation, Inc. and CNA Insurance Company. Defendants complained that the trial court erred in denying their Peremptory Exception of No Right of Action to the wrongful death and survival action filed by Rosalyn, Roy, Mark, and Angela Jackson and Roger and Karon Dewayne Brown, all of whom asserted they were children of the decedent, Roger Brown. For the following reasons, the judgment of the trial court overruling defendants’ exception is affirmed. The writ of certiorari is recalled, and the matter is remanded for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On January 29, 2002, an ambulance, transporting Roger Brown from LSU Medical Center in Shreveport to a nursing home, entered the median of Interstate 20 in Ouachita Parish, careened out of control, overturned and burned. The plaintiffs alleged that Roger Brown, who was suffering from cancer at the time of the accident, sustained bruises and contusions, smoke inhalation, and exposure to the elements, which resulted in pneumonia contributing to and hastening his death on March 4, 2002. The death certificate listed Brown’s cause of death as cardiopulmonary arrest due to pneumonia and lung cancer. On September 30, 2002, plaintiffs sued ^Medical Transportation, CNA, and the driver, alleging the driver’s negligence.
The defendants’ answer denied causation and liability and specifically denied that the decedent was the legal father of the plaintiffs. Roger Brown was not listed as father on the birth certificates of Rosalyn, Roy, Mark, and Angela Smith Jackson. While the plaintiffs’ petition asserted the decedent was their father, the defendants’ answer denied that and demanded strict proof of the claimed relationship. In addition, the defendants expressly alleged that the plaintiffs (1) were not the decedents’ legal children, and (2) could not legally bring a wrongful death action. In response to interrogatories, the plaintiffs admitted that the decedent neither legitimated them by authentic act nor acknowledged them before a notary as his illegitimate children.
Medical Transportation and CNA filed an exception of no right of action on April 14, 2003, against Angela, Mark, Roy, and Rosalyn Jackson. The exception does not *897 relate to the other two plaintiffs, Roger and Karon Dewayne Brown. The defendants argued that plaintiffs’ petition did not constitute a filiation proceeding for the Jackson plaintiffs. Defendants maintained that under La. C.C. art. 209(C), plaintiffs did not .file a timely filiation action so that they could recover damages for the decedent’s death. On May 21, 2003, the plaintiffs filed an amended petition asserting that the four Jackson plaintiffs were the illegitimate children of the decedent, who had informally acknowledged them during his life, which claims they intended to prove by clear and convincing[1] evidence.
|sFollowing the hearing on the defendants’ exception, the trial court took the matter under advisement and thereafter rendered oral reasons in which the court overruled the exception. First, the trial court concluded that the plaintiffs’ initial petition constituted a filiation proceeding under La. C.C. art. 209(C) because:
• Plaintiffs alleged they were children of the tort victim, the decedent.
• The .four Jackson plaintiffs had a different last name from Roger Brown, the decedent, suggesting the possibility they were not born of a legal marriage.
• Defendants specifically denied the Jackson plaintiffs’ filiation, and raised as a defense, plaintiffs’ lack of filiation to the decedent tort victim.
• Depositions taken within a year of decedent’s death made defendants fully aware of plaintiffs’ contention concerning filiation.
• Defendants were not surprised, by the facts alleged in the amended petition.
Second, the trial court also found that the plaintiffs’ amended petition, filed more than a year after the decedent’s death, related back to the filing of the original petition, because the original petition gave fair notice of the factual situation out of which the amended petition arose, even though the amended petition sought different relief and stated a different cause of action.. The defendants, according to the trial court, had-full and adequate notice of the facts alleged in- the supplemental petition well before the amended petition was filed. The defendants then sought supervisory relief from this court.
DISCUSSION
La. C.C. art. 209 provides, in pertinent part:
|4B. A child not entitled to legitimate filiation nor filiated by the. initiative of the parent by. legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
A petition to intervene in a wrongful death/survival action was insufficient to constitute a petition for filiation in In re Bester, 2000-2208 (La.App. 4th Cir.9/18/02), 828 So.2d 644, writ denied, 2002-2579 (La.12/13/02), 831 So.2d 988. Two days after Bester’s death on April 27, *898 1993, his widow and two of his children brought an action to preserve the vehicle. On March 2, 1994, plaintiffs amended the lawsuit, named several defendants, and sought damages for his wrongful death and the survival action. On March 23, plaintiffs added another defendant. On March 16, 1994, Blanche Beason on behalf of her minor child, Jonathan Beason, intervened, alleged the decedent was his biological father and sought damages for his wrongful death. In response to defense interrogatories, Beason admitted he had not been legitimated or acknowledged by his father. The defense sought a summary judgment because Beason did not have a right of action for wrongful death, since Beason was not acknowledged and 1 Khad not timely sought filiation to the decedent. The Fourth Circuit Court explained:
... [Hjarsh, technical rules of pleading are not favored in Louisiana and ... courts should look beyond the style and caption of a party’s pleadings and construe them so as to achieve substantial justice. We also agree that a court may consider pleadings as constituting an action for filiation regardless of whether a party entitles them as such. Whether a particular pleading can reasonably be construed as an action for filiation, however, should be determined on a case-by-case basis.
In re Bester, 828 So.2d at p. 648.
The court noted that:
• The petition for intervention merely asserted a right of intervention by the decedent’s natural child who sought recovery for the alleged wrongful death of his biological father.
• The petition failed to plead any specific facts which supported Beason’s con-clusory claim of the decedent’s paternity.
• The intervention contained no prayer asking for recognition of Beason as a child of the decedent.
• Beason attached no documents to his intervention tending to prove his allegation that decedent was his father.
The Bester court concluded that the child’s petition was simply an intervention and could not reasonably be construed to be an action for filiation.
In Lewis v. Transocean Terminal Operators, Inc., 2002-0152 (La.App. 4th Cir.12/11/02), 834 So.2d 1180, writs denied, 2003-0080, 840 So.2d 572 (2003), 2003-0111 (La.3/28/03), 840 So.2d 572, the seven illegitimate children of the decedent, Brian Walker, filed a wrongful death and survival action on January 21, 2000, following his death on January 15, 2000. A succession proceeding was filed, which included an affidavit of death and heirship | (¡stating that the decedent had seven minor children who were the plaintiffs in the wrongful death and survival action. Neither the wrongful death petition nor the succession pleadings specifically prayed for filiation of the seven minor children. On March 19, 2002, an amended petition expressly seeking filiation was filed in the succession proceeding, and a judgment of filiation was rendered.
The Lewis court stated that for the seven illegitimate children to have a right of action for the wrongful death of Walker, they must have been filiated by the decedent. Under La. C.C. art. 209, a filiation action must be brought within one year from Walker’s death. Under the provisions of La. C.C.P. art. 1153, an amended petition may relate back to the filing of the initial petition.
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the *899 amendment relates back to the date of filing the original pleading.
The Lewis court opined that, as long as the comparison of the amended petition to the original petition gave fair notice of the factual situation out of which the amended petition arose, the amended petition related back to the time of the original filing even if the amended petition sought additional relief. The original petition in the succession and the accompanying affidavit asserted the decedent was the father of the seven children, the decedent had never married, and the seven children had last names different from the decedent’s. Therefore, a person reading the petition and affidavit had fair notice of the factual situation (request for filiation) set out in the |7amended petition. For the foregoing reasons, the Leivis court concluded that the amended petition related back to the initial filing of the succession petition.
The Lewis opinion distinguished Thomas v. Sister of Charity of the Incarnate Word Shreveport, 97-1443 (La.7/8/98), 713 So.2d 466, in which one illegitimate child sued for wrongful death and filiation. More than one year after the death, four other illegitimate children filed an amended wrongful death and filiation petition. The petition of the additional four illegitimate children was untimely. Thomas, supra. The initial Thomas petition did not give fair notice of four additional illegitimate children in contrast to Lewis, in which the seven plaintiffs were named in all the pleadings. In addition, the Lewis opinion contrasted the result in Bester, supra, because Beason, the alleged illegitimate child, never filed an amended petition explicitly seeking filiation to the decedent.
The Louisiana Supreme Court granted a writ in Reese v. State of La., Dept, of Public Safety and Corrections, 2002-1429 (La.App. 1st Cir.5/9/03), 845 So.2d 620, writ granted, 2003-1615 (La.10/17/03), 855 So.2d 744. The First Circuit concluded that the mere assertion that the plaintiffs were the children of the deceased, even when combined with different last names of the plaintiff children and deceased father, was insufficient to give fair notice of the general fact situation out of which a filiation action arose. The amended petition seeking filiation did not relate back to the timely filing of the initial wrongful death petition.
|sFoIlowing James Williams’ death on April 30, 2000, at Angola State Penitentiary, Donald' Reese and the minor James Nabornne (represented by his mother) sued on April 4, 2001, for wrongful death damages as decedent’s surviving children. The state filed a peremptory exception of no right of action that plaintiffs were not entitled to recover because they were not legitimate children, had not shown filiation, and had not timely filed a filiation action. Thereafter, plaintiffs filed an amended petition alleging formal acknowledgment or, in the alternative, informal acknowledgment. The initial petition stating that plaintiff[1] was decedent’s surviving child with no other factual allegations concerning filiation was not sufficient to constitute an action for filiation, because it did not give fair notice of the situation out of which the filiation claim arose. Moreover, the First Circuit concluded that the amended petition requesting filiation did not relate back to the timely suit for wrongful death.
It is well established that Article 1153 permits amendment, despite technical prescriptive bars, where the original pleading gives fair notice of the general fact situation out of which the amended *900 claim arises. Where there is some factual connexity between the original and amended assertions, together with some identity of interest-between the original and the supplemental party, amendment should be allowed.
Reese, supra, at p. 622. In addition to finding a lack of fair notice, the court found that filiation action did not arise out of the same conduct or occurrence; i.e., the state’s alleged negligence. The Reese appellate court found Lewis, supra, to be factually inapplicable.
[flOn February 20, 2004, the supreme court reversed the appellate decision and remanded the matter for further proceedings. Reese v. State of La., Dept. of Public Safety and Corrections, 2003-1615 (La.2/20/04), 2004 WL 318693. Justice Kimball in the opinion stated:
Pursuant to this article [La. C. C.P. art. 1153], so long as a comparison- of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition and prescription with regard to the amendment is interrupted as of the filing date of. the original petition. Grior [Girior] v.. South Louisiana Med. Ctr., 475 So.2d-1040 (La.1985). Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed and excepted from the interests intended .to be protected by the prescriptive statutes. Baker v. Payne & Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La.1980); Tate, J., Amendment of. Pleadings in Louisiana, 43 Tul.L.Rev. 211, 234 (1969). The essence of interruption of prescription is notice. Gunter v. Plauche, 439 So.2d 437, 440 (La.1983). Thus, the question before this court is whether the allegations of the plaintiffs petition sufficiently put the defendants on notice that a filiation action was at issue in this case.
Following-the supreme court’s opinion in Reese, supra, we construe the Jacksons’ minimal assertion that the decedent was their father as sufficient to put filiation at issue in their action for damages. Under the facts of this case, the defendants clearly knew filiation was at issue and filed pleadings accordingly. Harsh, technical rules of pleading are not favored in Louisiana, and pleadings should be construed to achieve substantial justice. See, Reese, supra.
The Jackson plaintiffs should not be dropped out of court through a procedural trapdoor, notwithstanding their skeletal pleadings. This record clearly demonstrates that the Jackson plaintiffs intended their paternity to be |inat issue, and the defendants knew that from the outset. The Jackson plaintiffs should be allowed their day in court. The defendants are not surprised or prejudiced. The initial petition raised the issue of the Jackson plaintiffs’ paternity, and the amended petition specifically seeking filiation related back to the initial petition, which was an admittedly bare-bones “attempt” to set forth the paternity of the Jackson plaintiffs. See, La. C.C.P. art. 1153. Looking beyond the strict wording of the pleadings themselves results in justice being served.
DECREE
For the foregoing reasons, the trial court’s decision to overrule the defendants’ exception of no right of action is affirmed. The writ of certiorari granted by this court is recalled, and the matter is remanded for further proceedings in accordance with this opinion. .
*901 WRIT RECALLED. TRIAL COURT’S DECISION OVERRULING THE DEFENSE EXCEPTION OF NO RIGHT OF ACTION IS AFFIRMED. REMANDED.

. The mother of the minor child produced proof of decedent’s acknowledgment of the child and the trial judge dismissed the exception as to the minor child.