h KNOLL, Justice,
dissenting.
Under the rule set forth in State v. Mussall, 523 So.2d 1305, 1310 (La.1988), a reviewing court may impinge on the fact finder’s discretion only to the extent necessary to guarantee the fundamental due process of law. This is just such a case.
The state fell far short of proving defendant’s guilt beyond a reasonable doubt for possession with intent to distribute heroin. *129 In my view, the state proved beyond a reasonable doubt defendant’s guilt for possession of heroin.
It is well established in Louisiana that where the evidence is purely circumstantial, if it does not exclude every reasonable hypothesis of innocence, a rational juror cannot find defendant guilty beyond a reasonable doubt without violating constitutional due process safeguards. La.Rev. Stat. § 15:438 (2003); State v. Wright, 445 So.2d 1198, 1201 (La.1984). Proof of guilt ought not only be consistent with defendant’s guilt, but should be inconsistent with any reasonable hypothesis of innocence. State v. Shapiro, 431 So.2d 372, 375 (La.1983). Although the circumstantial evidence rule might not have established a stricter formula than the more general reasonable juror’s reasonable doubt formula, see Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the rule emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases, as here, | ¡¿binging on the evaluation of circumstantial evidence. State v. Chism, 436 So.2d 464, 468 (La.1983).
In reviewing a conviction based on circumstantial evidence, while this Court may not determine whether another possible hypothesis suggested by defendant could afford an exculpatory explanation of the events, this Court may determine whether a possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Davis, 92-1623, p. 17 (La.5/23/94), 637 So.2d 1012, 1020. A hypothesis of innocence that is sufficiently reasonable must necessarily lead a rational fact finder to entertain a reasonable doubt about guilt. State v. Sutton, 436 So.2d 471, 475 (La.1983). As such, it cannot be said the facts in this case supporting defendants’ personal use of the heroin are wholly unreasonable such that this hypothesis of innocence may be reasonably rejected. The evidence to support possession with intent to distribute is simply not in this record. At best, the proof rises to mere speculation that the defendant could possess with intent to distribute the packaged heroin. This proof falls far short of proof beyond a reasonable doubt.
The majority notes the care with which respondents converted the heroin from bulk form to individual doses as supporting a reasonable inference that they used a common method of packaging the heroin for subsequent distribution. While this may be true, it is also equally reasonable that respondents were packaging the heroin in individual doses consistent with future personal use. The state failed in this case to present sufficient evidence that tended to prove beyond a reasonable doubt that the packaging method at issue was inconsistent with personal use. Ultimately, the circumstantial evidence in this case was simply insufficient to exclude every reasonable hypothesis of innocence.
| .-¡Functioning in its capacity as an errors correcting court, the court of appeals correctly observed that the mere presence of packaging consistent with distribution is not dispositive because such packaging reasonably could be viewed as consistent with either distribution or personal use. State v. Francois, 02-2056 (La.App. 4 Cir. 4/9/03), 844 So.2d 1042, 1049. We are primarily a policy-making court. It gives me concern that the majority opinion, as a matter of policy, is sanctioning this weak, circumstantial proof to support possession with intent to distribute. Today’s decision will sanction the practice of allowing jurors in this state to speculate if the evidence is such that reasonable jurors must have a reasonable doubt. See State v. Mussall, 523 So.2d 1305, 1311 (La.1988).
*130 Accordingly, I respectfully dissent from the majority decision reversing the judgment of the court of appeal. I would affirm the judgment amending the conviction to judgments of conviction for the lesser included offenses of possession of heroin.