JjMICHAEL E. KIRBY, Judge.
The- appellants, the surviving relatives of Leo Edwards (Edwards), filed a Petition for Damages against Tenet Healthsystem Memorial Medical Center, Inc., d/b/a Memorial Medical Center (Memorial). The trial court granted an Exception of Prematurity in favor of Memorial based on the appellants’ failure to convene a medical review panel. For the reasons assigned, we reverse and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

On October 6, 2002, Edwards was taken by ambulance to Memorial Hospital. He passed away shortly thereafter with the cause of death being cardio pulmonary arrest. After his death, Edwards’ body was transported to the hospital morgue. The appellants allege that when Magee Funeral Home arrived at the hospital, on or about October 7, 2002, Edwards’ body had reached an advanced stage of decomposition. The Petition for Damages, filed by the appellants on October 3, 2003, -alleges that the accelerated postmortem changes were caused by Memorial’s failure to properly refrigerate and preserve the body. The appellants submit that the condition of Edwards’ body prevented an open casket wake.
hOn October 24, 2003, Memorial filed an Exception of Prematurity, based on the fact that the appellants’ action had not been brought before a medical review panel pursuant to the Medical Malpractice Act (MMA). La. R.S. 40:1299.41 et seq. The appellants filed an Opposition, arguing that their allegations against Memorial were not based on medical malpractice, but rather based on Memorial’s negligence in handling Edwards’ body after his death. The trial court granted the Exception of Prematurity on February 19, 2004. This timely appeal followed. In their sole assignment of error, the appellants argue that the trial court erred in- finding that the action against Memorial arose under the MMA.

LAW AND ANALYSIS:

The dilatory Exception of Prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119. See also La. R.S. 40:1299.47(A)(1). Accordingly, a claim against a private qualified health care provider is subject to dismissal on a timely filed Exception of Prematurity if such claim has not first been screened by a pre-suit medical'review panel. Id.; Flood v. Pendleton Memorial Methodist Hospital, 02-0440 (La.App. 4 Cir. 7/17/02), 823 So.2d 1002.
Memorial submits that the conduct complained of in the appellants’ action constitutes malpractice as defined by the MMA. Specifically, Memorial argues that they have a continuing duty and obligation to provide proper treatment, notwithstanding the death of the patient. Moreover, Memorial maintains that because it is obligated to provide postmortem care to the corpses at its facility, the ^protections afforded by the MMA should not be jeopardized due to the expiration of the.patient. The appellants counter that the MMA does not apply in this case because after his death, Edwards was not a “patient” or “natural person” as contemplated by the statute.
*736 The MMA applies only to “malpractice,” all other tort liability on the part of a qualified health care provider is governed by general tort law. Harris v. Sternberg, 2001-2170, p. 5 (La.App. 4 Cir. 5/22/02), 819 So.2d 1134, 1137. The MMA provides the following definitions relevant to this issue:
“Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health . care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient. La. R.S. 40:1299.41(8).
“Health care” means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient’s medical care, treatment or confinement. La. R.S. 40:1299.41(9).
“Patient” means a natural person who receives or should have received health care from a licensed health care provider, under a contract, express or implied. La. R.S. 40:1299.41(3).
Moreover, article 25 of the Civil Code clearly states that “[n]atural personalty ... terminates at death.”
In the present case, it is undisputed that Edwards was not alive at the time of the alleged negligence. We conclude that because he was not a natural person hejjwas not a patient as defined by the MMA. Furthermore, La. R.S. 40:1299.41(A)(8), in defining malpractice for the purpose of the act, provides for liability of a health care provider for negligent acts or omissions in rendering health care or professional services to a patient. (Emphasis added).[1]
Our courts have generally recognized that the MMA was not intended to apply to claims of a non-patient. In Clark v. Baird, 97-1025, p. 5 (La.App. 4 Cir. 5/20/98), 714 So.2d 840, 842, this court stated that “[njothing in the Act suggests the legislature intended the MMA to apply to claims other than those brought by a patient, a patient’s representative on the patient’s behalf, or other persons having claims arising from injuries to or death of a patient.”
In Hutchinson v. Patel, 93-2156, p. 6 (La.5/23/94), 637 So.2d 415, 421, the Supreme Court referred to “the legislature’s recognition of the traditional rule of law allowing recovery for medical malpractice only where a physician-patient relationship exists as the result of an express or implied contract and where the physician breaches either the contract or his or her professional duty to the patient.”
It is a well established principle that the limitations on the liability of a health care provider are special legislation in derogation of the general rights of tort victims, and, as such, any ambiguities in the Act should be strictly construed against coverage. Sewell v. Doctors Hospital, 600 So.2d *737 577, 578 (La.1992); Harris, supra. Applying a strict reading of the MMA in the present case, more | .^particularly, the definitions of “patient” and “malpractice”, we cannot say that the statute was intended to encompass negligent acts toward a deceased person.
Therefore, we conclude that Memorial’s alleged negligence, in handling Edwards’ body after his death, is not a medical malpractice claim as contemplated by the MMA.

CONCLUSION:

For the foregoing reasons, we reverse and remand to the trial court for further proceedings in accordance with this ruling.
REVERSED AND REMANDED.

. We recently denied writs in an unpublished opinion, Gibson, Malcolm and Nicole Gibson v. Board of Supervisors of the Louisiana State University, - So.2d -, 2004-C-0966, (La.App. 4 Cir. 6/25/2004), where the trial court held that a hospital’s alleged negligence during an autopsy fell outside of the Medical Malpractice Act. The Supreme Court also denied writs in Gibson, 885 So.2d 597, (La.10/29/2004).