962 So.2d 488 (2007)
Dat NGUYEN
v.
William R. GRAFTON, Deborah M. Grafton, Liberty Mutual Insurance Company, Jason F. Schilling, New Hampshire Indemnity Company and Allstate Insurance Company.
No. 2007-CA-0046.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2007.
Kevin O'Bryon, O'Bryon & Schnabel, PLC, New Orleans, LA, for Plaintiff/Appellant.
James A. Stapp, Law Offices of Harold G. Toscano, New Orleans, LA, for Allstate Insurance Company.
Kevin T. Phayer, Law Office of Marvin H. Olinde, Metairie, LA, William R. Grafton, Deborah M. Grafton and Liberty Mutual Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiff, Dat Nguyen ("Nguyen"), appeals the trial court's judgment on the basis that the trial court's general damage award is simply too low to compensate him for the injuries he sustained. We affirm the trial court's judgment.
*489 Relevant Facts
This case arises out of two separate automobile accidents that occurred on February 2 and February 9, 2004, respectively. The first accident was between Nguyen, who was insured by Allstate, and Defendant, William Grafton ("Grafton"), who was insured by Liberty Mutual. In this accident, Nguyen drove around stopped traffic and struck Grafton's automobile broadside while Grafton was making a left turn. The second accident was between Nguyen and Jason Schilling ("Schilling"), who was insured by New Hampshire Indemnity Company. In this accident, Schilling sideswiped Nguyen's automobile while they were both traveling in the same direction.
Following the accidents, Nguyen began physical therapy and medication for cervical, thoracic and lumber strains under the care of Dr. Stewart Altman. In September 2004, Nguyen began seeing Dr. Kenneth Adatto, who prescribed medication and home exercises. An MRI in September 2004 showed two disc protrusions in Nguyen's cervical spine. Nguyen's doctors determined that he should manage his pain with medication. No surgery was recommended at that time. The records of both doctors were admitted into evidence without live testimony. Included in these records were reports of Dr. Altman's treatment of Nguyen for a neck injury resulting from a 2001 automobile accident.
Trial Court
Prior to the September 13, 2006 trial, Nguyen settled his claim against Schilling and his insurer for $10,000. Nguyen filed into the record a stipulation that his remaining claims against Grafton, Liberty Mutual, and Allstate did not exceed $50,000. Nguyen also stipulated that he had received $3,425 from Allstate under the Medical Payments Coverage in his own policy.
The matter came for trial on September 13, 2006. The trial court determined that Nguyen was 60% at fault for the first accident and 0% at fault for the second accident. The court determined that each accident contributed equally to Nguyen's injuries and that the symptoms could have been related to Nguyen's prior accident in 2001. The court also found that Nguyen did not meet his burden of proving that surgery would be necessary in the future. In regard to damages, the trial court found that Nguyen's general damages resulting from both accidents amounted to $35,000 and his total special damages for medical expenses amounted to $8,819. Allstate and Liberty Mutual were ordered to pay their proportionate share of the damages, less credits for the monies previously paid by Shilling and Allstate for the second accident.
Nguyen filed a motion for devolutive appeal seeking review of the trial court's general damages award. On appeal, Nguyen claims that an award of $35,000 for two herniated cervical discs is an abuse of discretion. According to Nguyen, $90,000 would be a more adequate award for general damages in this case. He does not challenge the trial court's determination of fault or allocation of damages.
Standard of Review
The standard of review of damage awards is whether, after an articulated analysis of the facts, the court finds that the trial court abused its great discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). After an analysis of the facts and circumstances peculiar to the particular case and the particular plaintiff, an appellate court may conclude that the trial court's award is inadequate or excessive. Id. at 1340. Only then may the appeal court resort to prior awards, and only for the purpose of determining the *490 highest or lowest point that is reasonable within that discretion. Id.
Quantum Analysis
Employing the foregoing appellate standards, we conclude that the trial court did not abuse its discretion in awarding Nguyen $35,000 in general damages. Parenthetically, a consideration of comparative awards reveals similar results. For example, in Misewicz v. Gamso, 03-1052 (La.App. 4 Cir. 10/22/03), 860 So.2d 119, this Court awarded $49,942 in damages to a plaintiff diagnosed with a mild disc herniation for which he was treated conservatively. ($20,592 of the award was for lost wages). And, in Lindsey v. USAA Property and Cas. Ins. Co., 02-0797 (La.App. 4 Cir. 10/09/02), 830 So.2d 335, this Court awarded $25,000 in general damages to a plaintiff who suffered damage to two lumbar discs and testified at trial that he was still occasionally symptomatic and surgery was not recommended.
In Vasalle v. Wal-Mart Stores, Inc., 01-0462 (La.11/28/01), 801 So.2d 331, the La. Supreme Court reinstated a jury award of $25,000 in general damages for a right disc protrusion ant L5-S1 and some mild diffused disc bulging from L2-3 to L-4-5 to a plaintiff who had had two prior accidents in which her back was injured. Although the trial judge had increased the jury's award to $250,000, the Supreme Court reinstated the jury's award on the basis that the jury's award indicated that it was possible that the jury found that the store accident was not the sole cause of plaintiff's back problems and medical expenses. Id., p. 17, 801 So.2d at 341.
In his appeal brief, Nguyen cites Messina v. Allstate Ins. Co., 572 So.2d 823 (La. App. 4 Cir.1990), wherein this court held that "$35,000 is the lowest amount which could have been awarded for `about as minimal a herniated disc as can be.'" 572 So.2d at 824.
After a review of decisions relating to injuries similar to Nguyen's in this case, we find that the trial court's general damage award is within the range of awards for similar injuries and the trial court did not abuse its discretion. Accordingly, we affirm the trial court's judgment awarding general damages in the amount of $35,000 to Nguyen for injuries sustained in the accidents in question. Costs of this appeal are to be assessed to Appellant.
AFFIRMED.