### No. 8798.
### Orleans Appeal.

———

## JOHN BONURA & CO., INC., v. SOUTHERN PACIFIC COMPANY.

———

(March 30, 1925, Opinion and Decree.)

———

*(Syllabus by the Court.)*

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 131, · 141; Prescription—Par. 63.

In an action by consignee against carrier for damages to shipment of fruit while in transit, a clause in the bill of lading limiting time within which such suit may be brought, to six months, is not unreasonable nor contrary to law nor against public policy. An exception of no cause of action, based upon such stipulation, is well founded and properly maintained.

(Civil Code, Art. 3237. Editor's note.)

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

This is an action for damages to shipment in transit on steamship. On exception no cause of action based on a plea of prescription was sustained.

Plaintiff appealed.

Judgment affirmed.

Chas. Rosen, attorney for plaintiff and appellant.

Denegre, Leovy & Chaffe, attorneys for defendant and appellee.

BELL, J. This is a suit brought by John Bonura & Company, Inc., against the Southern Pacific Company, the petition having been filed on April 27, 1921, and citation served on May 2, 1921. The action is for damages growing out of a shipment of 173 crates of alligator pears, shipped from Havana, Cuba, to New Orleans, Lou-

isiana, on August 9, 1920, on defendant's steamship "Excelsior", by Kingsbury & Co., and consigned to John Bonura & Company. The petition alleges that the fruit was damaged while in transit and because of defendant's negligence and want of proper care in the transportation and handling thereof.

Defendant filed exceptions of no cause of action and prescription, based upon the provision in the bill of lading that "unless suit is commenced within six months after delivery of the goods to the carrier the lapse of such period shall be deemed a complete bar to recovery in any suit or proceeding not sooner commenced."

The trial court maintained the exception and dismissed the suit. From this judgment, plaintiff has appealed.

We find in the record the contract of shipment or bill of lading between the parties, and note particularly the following clause, which is pleaded in bar of the action now brought, and which reads as follows:

"The carrier or vessel shall not, in any event, be liable for any claim or demand arising hereunder or in respect of the goods, unless notice of the claim be presented in writing to the carrier within thirty days after delivery of the goods to the carrier, nor unless suit therefor is commenced within six months after delivery of the goods to the carrier, and the lapse of such period shall be deemed a complete bar to recovery in any such suit or proceeding not sooner commenced, notwithstanding the carrier may be a non-resident or a foreign corporation."

This court on two occasions has decided the exact question now presented and has held that such a stipulation in a bill of lading as is above quoted is reasonable and not contrary to law nor to public policy. Our former rulings on this subject need not be further elaborated. The cases in which this question has previously arisen are Bordelon vs. Louisiana Ry. & Nav. Co., 12 Court of Appeal, 405; American Trading Company vs. United Fruit Company, No. 8821 Court of Appeal. See also Railway Co. vs. Harriman, 227 U. S. 652; Texas & Pacific R. R. Co. vs. Leatherwood, 250 U. S. 478, 481.

Upon the foregoing authorities, the judgment appealed from is affirmed, at plaintiff's costs in both courts.