866 So.2d 244 (2004)
Donald REESE and Verna Nabonne on Behalf of her Minor Child, James J. Nabonne
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS and Louisiana State Penitentiary.
No. 2003-C-1615.
Supreme Court of Louisiana.
February 20, 2004.
*245 McGlynn, Glisson & Koch, John G. Allelo, Benjamin P. Mouton, Baton Rouge, for applicant.
Charles C. Foti, Jr., Attorney General, Oats & Hudson, Lafayette, Andrew Benton, Robin L. Jones, Clifton O. Bingham, Jr., Special Assistant Attorneys General, for respondent.
KIMBALL, Justice.
In this case, we are asked to determine whether timely-filed survival and wrongful death actions by an illegitimate child interrupts prescription for the filing of a cumulated filiation action. For the following reasons, we hold that the bare allegations of the timely-filed original petition, while not artfully drafted, give fair notice to the defendants of the plaintiff's attempt to set forth a cause of action for filiation. Consequently, the first supplemental and amending petition relates back to the original petition as it arises out of the same factual situation set forth in the original petition.

FACTS AND PROCEDURAL HISTORY
On April 30, 2000, James Williams, Jr. died while serving as an inmate at the *246 Louisiana State Penitentiary at Angola. Thereafter, on April 4, 2001, Donald Reese and Verna Nabonne, on behalf of her minor child, James J. Nabonne, filed a petition for damages against the State of Louisiana, Department of Public Safety and Corrections and the Louisiana State Penitentiary ("defendants") asserting claims for survival and wrongful death as the decedent's surviving children. In response, on February 27, 2002, defendants filed a peremptory exception raising the objection of no right of action claiming that the plaintiffs were without a legal right of action to institute the suit because they were not the legitimate children of the decedent and they failed either to show filiation in accordance with La. Civ.Code art. 203 or to timely file a filiation action in accordance with La. Civ.Code art. 209.
On March 25, 2002, Donald Reese and Verna Nabonne, on behalf of her minor child James J. Nabonne, filed a first supplemental and amending petition alleging their formal acknowledgment, or alternatively, their informal acknowledgment by James Williams, Jr. On May 3, 2002, following an April 1, 2002 hearing, the trial court issued a judgment dismissing the defendants' exception as to Verna Nabonne on behalf of her minor child James J. Nabonne,[1] and sustaining the defendants' exception as to Donald Reese.[2] The First Circuit Court of Appeal affirmed the district court's judgment with one judge dissenting. See Reese v. State of Louisiana, Dept. of Pub. Safety & Corr., 02-1429 (La.App. 1 Cir. 5/9/03), 845 So.2d 620.
On the application of plaintiff, Donald Reese, we granted certiorari to review the correctness of the district court's judgment granting the peremptory exception of no right of action. Reese v. State of Louisiana, Dept. of Pub. Safety & Corr., 03-1615 (La.10/17/03), 855 So.2d 744.

LAW AND DISCUSSION
Axiomatic under our system of law is that an action can only be brought by a person having a real and actual interest that he/she asserts. La. C. C.P. art. 681. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C. C.P. art. 927; Industrial Cos., Inc. v. Durbin, 02-0665, p. 12 (La.1/28/03), 837 So.2d 1207 (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888). The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. (citing Benoit v. Allstate Ins., 00-0424, p. 10 (La.11/28/00), 773 So.2d 702, 708). Further, evidence is admissible on the trial of an exception of no right of action to "support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition." La. C. C.P. art. 931.
*247 In this case, the right of a survival action under La. Civ.Code art. 2315.1 and a wrongful death action under La. Civ.Code art. 2315.2 is afforded to several exclusive categories of survivors listed in those articles, the primary category of which under both articles includes "children" of the decedent. By filing a peremptory exception of no right of action, defendants contend that Donald Reese does not belong to any of the exclusive categories of survivors listed under La. Civ.Code arts. 2315.1 and 2315.2, and, therefore, has no right to bring survival and wrongful death actions arising from the death of James Williams, Jr.
Prior to the decision of the United States Supreme Court in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), wrongful death and survival actions were not available to illegitimate children. However, under the rationale of Levy, it is the biological relationship and dependency that is determinative of the child's rights in these cases and not the classification (i.e., legitimate or illegitimate) into which the child is placed by the statutory law of the state. Warren v. Richard, 296 So.2d 813 (La.1974).
Following the Levy decision, the legislature has sought to delineate and limit the circumstances under which an illegitimate child may assert and prove filiation. See 1981 Acts 720. In furtherance of this aim, La. Civ.Code art. 3556(8) was amended to define the term "children" to include "those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law." 1981 Acts 720. La. Civ.Code art. 208, as amended by 1981 Acts 720, provides:
In order to establish filiation, a child who does not enjoy legitimate filiation or who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must institute a proceeding under Article 209. (emphasis added).
Louisiana Civ.Code art. 209(B), as amended by 1984 Acts 810 provides the requirements for proof of filiation as follows:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
La. Civ.Code art. 209(C) provides a limitation on the time for bringing a filiation action as follows:
The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (emphasis added).
The purposes of 1981 Acts 720 and 1984 Acts 810 amending and reenacting Articles 208 and 209, respectively, expressly stated therein are to provide for proof of filiation by children or on their behalf; to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; and to provide that the failure to institute timely such a proceeding *248 shall bar the claims of the persons covered by the Act. According to the Comments to Article 209, "[i]nformally acknowledged children do have to comply with this article." La. Civ.Code art. 209, Comments (a). In this case, if Donald Reese cannot establish paternity, then he has no right of action to assert claims for survival and wrongful death damages.
Under Article 209(C), the general rule is that a child must bring an action for filiation within one year of reaching the age of majority. Thomas v. Sister of Charity of the Incarnate Word Shreveport, 97-1443, p. 3 (La.7/8/98), 713 So.2d 466, 467. However, if the child is a minor at the time of his/her alleged parent's death, the child must bring the action within one year of the alleged parent's death, regardless of the child's age. Id. Thereafter, the child may not establish filiation after the occurrence of either of these eventsone year from majority or one year from the death of the alleged parent. Id. However, Article 209(C) provides an exception as to when a filiation action may be brought for the sole purpose of establishing the right to recover damages under Article 2315. Id. at pp. 3-4, 713 So.2d at 467-8. Thus, the purpose of this exception appears to be to allow the child who is over the age of nineteen at the time of the alleged parent's death to bring a filiation action, but only for the purposes of establishing the right to recover survival or wrongful death damages and not for any other purpose such as recovering succession rights. Id. Importantly for the case at hand, Article 209(C) also provides that a petition for damages under La. Civ.Code art. 2315 and a petition for filiation may be filed in the same proceeding at the same time.
In this case, Donald Reese claimed in his original petition for damages to be a surviving child of the deceased, James Williams, Jr. Reese argues that the original petition, by alleging paternity, sufficiently includes a cumulated filiation action and that his first supplemental and amending petition, which he contends simply clarified the factual issues of filiation, relates back under La. C. C.P. art. 1153 because the additional facts contained therein arise out of the same conduct, transaction or occurrence attempted to be set forth in the original petition. In opposition, the defendants allege that there are no allegations in Reese's original petition that distinguish it from a petition a legitimate child might file and, consequently, the first supplemental and amending petition cannot relate back to the original petition.
La. C. C.P. art. 1153 provides for the relation back of amendments as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. (emphasis added).
Pursuant to this article, so long as a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition and prescription with regard to the amendment is interrupted as of the filing date of the original petition. Giroir v. South Louisiana Med. Ctr., 475 So.2d 1040 (La.1985). Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed and excepted from the interests intended to be protected by the prescriptive statutes. Baker v. Payne & *249 Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La.1980); Tate, J., Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 234 (1969). The essence of interruption of prescription is notice. Gunter v. Plauche, 439 So.2d 437, 440 (La.1983). Thus, the question before this court is whether the allegations of the plaintiff's petition sufficiently put the defendants on notice that a filiation action was at issue in this case.
The court's inquiry begins by examining the allegations made in the original petition to determine whether a cause of action for filiation was set forth or was attempted to be set forth therein. La. C. C.P. art. 1153. Thus, the focus is on what the plaintiff has included in his original petition, not what was omitted. Further, during this inquiry, the court should keep in mind the general rule that pleadings should be construed in such a manner as to achieve substantial justice. La. C. C.P. art. 865; Katz v. Katz, 412 So.2d 1291, 1293 (La.1982). Harsh, technical rules of pleadings are not favored in Louisiana in order to arrive at the truth and avoid miscarriages of justice. La. C. C.P. art. 854; Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297, 302 (La.1973).
The original petition identifies the decedent and alleged tort victim, James Williams, Jr., and identifies the plaintiffs as Donald Reese, a major resident and domiciliary of Orleans Parish and a minor child named James J. Nabonne, also a resident and domiciliary of Orleans Parish. In paragraph two of the original petition it states "Petitioners, Donald Reese and James J. Nabonne, are the surviving children of James Williams, Jr., who died on April 30, 2000." Paragraph thirteen of the plaintiffs' petition provides "Petitioners, as the sole surviving children of James Williams, Jr., specifically assert and plead the survival action provided for in La. Civ.Code art. 2315.1." Also, in paragraph fourteen, they allege the wrongful death of their father, James Williams, Jr.
Defendants and the lower courts rely on this court's decision in Thomas, supra, to assert that these allegations were insufficient to put the defendants on notice that filiation was an issue in this case, and, consequently, the action for filiation by Reese is untimely. In Thomas, a single illegitimate child of the decedent filed a timely wrongful death and survival action and filiation action. 97-1443, at p. 1, 713 So.2d at 466. Later, more than a year after the decedent's death, four other illegitimate children of the decedent filed a supplemental and amending petition for wrongful death and survivorship and filiation. Id. The Thomas court held that a timely-filed original petition by one illegitimate child would not give fair notice of the factual circumstances as to four other illegitimate children reasoning that a person reading the original, timely-filed petition by one illegitimate child would be subject to surprise by the filing of a later, untimely petition by four other illegitimate children. Id. at p. 5-6, at 468-69. However, the Thomas court specifically noted that had the four illegitimate children filed their action for filiation timely but not their wrongful death action, they could have invoked the "relation back" doctrine of La. C. C.P. art. 1153 to take advantage of a timely wrongful death action filed by any other illegitimate (or legitimate) children of the decedent. Id. at p. 5, at 468. Thus, the Thomas decision turned on the fact that the four illegitimate children who filed untimely were not named at all in any timely-filed petition.
Defendants and the First Circuit Court of Appeal also seek to distinguish Lewis v. Transocean Terminal Operators, Inc., 02-0152 (La.App. 4 Cir. 12/11/02), 834 So.2d *250 1180[3] from the case at hand. In Lewis, seven illegitimate minor children filed a wrongful death and survival action and, a few months later, the same seven children filed a petition to initiate the succession of their deceased father. In this succession petition, the children did not expressly state that they were the illegitimate children of the deceased, but they did assert that the deceased was not married and all of their names were listed with last names other than the deceased. A year later, the seven children amended their petition in the succession proceeding to explicitly seek filiation to the deceased. Thereafter, in the wrongful death and survival action, the trial court granted Transocean's exception of no right of action, implicitly finding that the filiation action was not timely raised. The Fourth Circuit Court of Appeal reversed finding that the amended petition explicitly seeking filiation related back to the timely filed original petition in the succession proceeding, specifically finding that while the original petition did not expressly state that the seven minor children were the illegitimate children of the decedent, it did list the seven minor children by name, with last names different from that of decedent, and stated that they were the minor children of decedent, who was not married. Thus, the Lewis court concluded that "[a]nyone who read the original petition and accompanying affidavits initiating the succession proceeding would have fair notice of the factual situation out of which the supplemental and amended petition, explicitly seeking filiation, arises." Lewis, 02-0152, at p. 4, 834 So.2d at 1183. In distinguishing Lewis from the matter at hand, the First Circuit Court of Appeal particularly noted that the Lewis children "at least alleged that their father was not married."
In the present case, Donald Reese was named in the timely-filed original petition. In that original petition, Donald Reese identified James Williams, Jr. as his father and himself and James J. Nabonne, both with different last names from the decedent, as his sole surviving children. The only distinction between these allegations in Donald Reese's original petition and those of the plaintiffs in Lewis is that nowhere in Reese's original petition does it state the marital status of the decedent. While the First Circuit Court of Appeal's decision turned on that distinction, we find the marital status of the decedent at his time of death is not necessarily determinative of a child's status as a legitimate or illegitimate heir. Accordingly, we hold that the bare allegations in Donald Reese's original petition, while not artfully drafted, show an attempt to set forth a filiation action and were sufficient to put the defendants on notice that such was at issue in this case. Further, unlike the illegitimate children who filed untimely and were not named at all in any timely-filed pleading in the Thomas case, Donald Reese was named as the surviving child of the decedent in the timely-filed original petition. Thus, Donald Reese's amending petition added neither new parties nor causes of action. Consequently, the amending petition created no surprise or prejudice to the defendants and merely clarified these factual issues; therefore, the amended petition relates back to the filing of the original petition.

CONCLUSION
Construing the pleadings to create substantial justice, we hold that the bare allegations of the timely-filed original petition, *251 while not artfully drafted, give fair notice to the defendants of the plaintiff's attempt to set forth a cause of action for filiation. Consequently, the first supplemental and amending petition relates back to the original petition as it arises out of the same factual situation set forth in the original petition.

DECREE
For the foregoing reasons, the judgment of the court of appeal affirming the trial court's sustaining of the defendants' exception of no cause of action is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
VICTORY, J., concurs.
NOTES
[1] At the hearing, Verna Nabonne, on behalf of her minor child, James J. Nabonne, produced proof of decedent's acknowledgment of James J. Nabonne in the form of a baptismal certificate.
[2] Although in this case, the supplemental and amending petition was filed prior to the hearing on the exception of no right of action, La. C. Civ. Pro. art. 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." (emphasis added).
[3] The Lewis decision was handed down seven months after the trial court granted the defendants' exception of no right of action regarding the claims of Donald Reese. Thus, the trial court did not consider the Lewis case in reaching its decision in the case at hand.