NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1045

DONALD LOUIS DUPUIS

VERSUS

CARLA MARIE COLEMAN DUPUIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-2259
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Jack Derrick Miller
Attorney at Law
P. O. Drawer 1650
Crowley, LA 70527-1650
(337) 788-0768
COUNSEL FOR DEFENDANT/APPELLANT:
    Carla Marie Coleman Dupuis

**Nicole B. Breaux**
**Attorney at Law**
**415 N. Parkerson Ave.**
**Crowley, LA 70527-1650**
**(337) 783-0888**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Carla Marie Coleman Dupuis**

**Daniel M. Landry, III**
**Attorney at Law**
**P.O. Box 3784**
**Lafayette, La 70502**
**(337) 237-7135**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Donald Louis Dupuis**

**PETERS, J.**

Carla Marie Coleman Dupuis, the plaintiff in this property dispute, appeals the trial court's grant of an exception of no right of action filed by the defendant, Donald Louis Dupuis, dismissing her suit in its entirety. For the foregoing reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

The Dupuises are formerly husband and wife, having been married in Lafayette Parish, Louisiana, on August 1, 1986. This litigation arises because five days before they married, on July 28, 1986, the couple executed a Matrimonial Agreement, which purported on its face to establish a separate property regime between the parties.

This litigation began on March 31, 2010, when Mr. Dupuis filed a petition seeking a divorce. In his petition, he acknowledged that he and Mrs. Dupuis were co-owners of some property purchased during the marriage, but that no community of acquets and gains existed between the parties because of the July 28, 1985 Matrimonial Agreement.

Ms. Dupuis responded to Mr. Dupuis' petition in part by disputing his assertion concerning the lack of a community of acquets and gains between them. After the trial court rendered judgment awarding Mr. Dupuis a divorce, Mrs. Dupuis filed a petition to partition the community property belonging to the parties pursuant to La.R.S. 9:2801.

Mr. Dupuis met this filing with a peremptory exception of no right of action. The grant of this exception by the trial court prompted this appeal by Mrs. Dupuis. In her appeal, Mrs. Dupuis asserts only that the trial court erred in granting the exception.

**OPINION**

As the supreme court recently stated in *J-W Power Co. v. State ex rel. Department of Revenue & Taxation*, 10-1598, pp. 7-8 (La. 3/15/11), 59 So.3d 1234, 1238-39:

> "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State, Dept. of Public Safety & Corrections*, 03-1615, pp. 2-3 (La.2/20/04), 866 So.2d 244, 246. *See* LSA-C.C.P. art. 927. In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person. *Reese*, 03-1615 at 3, 866 So.2d at 246. The exception of no right of action questions whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. *Id.* Evidence is admissible on the trial of an exception of no right of action to "support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." LSA-C.C.P. art. 931.

The exception of no right of action presents a question of law and is reviewed *de novo* by the appellate court on appeal. *Bank of N.Y. Mellon v. Smith*, 11-60 (La.App. 3 Cir. 6/29/11), 71 So.3d 1034, *writ denied*, 11-2080 (La. 11/18/11), 75 So.3d 462.

Following the guidance as set forth by the supreme court, we must first assume that the petition states a valid cause of action for some person. *J-W Power Co.*, 59 So.3d 1234. In this case, Mrs. Dupuis claims the right to partition the community of acquets which she asserts existed between her and Mr. Dupuis. It is clear on the surface of the petition that she is the party with the right to bring this action. La.Code Civ.P. art. 82.

At the hearing on the exception, the emphasis was on the interpretation of the Matrimonial Agreement itself and not whether Mrs. Dupuis is the proper party to bring a community property partition action. In considering the exception of no

2

right of action, the trial court is not allowed to reach the merits of the claim. Instead, it is required to accept the fact that the petition states a cause of action and decide only "whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State, Dep't of Pub. Safety & Corrs.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. Clearly Mrs. Dupuis belongs to that class as Mr. Dupuis' former spouse. That being said, in reversing the trial court and remanding this matter for further proceedings, we make no determination concerning the merit or lack of merit of Mrs. Dupuis' claims.

## DISPOSITION

For the foregoing reasons, we reverse the grant of the exception of no right of action in favor of Donald Louis Dupuis and remand this matter to the trial court for further proceedings. The costs of this appeal are assessed to Donald Louis Dupuis.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules─Courts of Appeal. Rule 2-16.3.