# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-394

DARNALL AND MICHELLE CARTER,
INDIVIDUALLY AND AS NATURAL
PARENTS OF KYRIS CARTER (DECEASED)

VERSUS

STEAK HOUSE STEAKS, INC.,
JAMES NATIONS, JR., AND
XYZ INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-2374 "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Pius A. Obioha**
**Alistair A. Adkinson**
**Michal J. Harris**
**Law Offices of Pius A. Obioha & Associates, LLC**
**1550 North Broad Street**
**New Orleans, Louisiana 70119**
**(504) 265-0437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Darnell and Michelle Carter**

**Richard E. King**
**Jennifer L. Simmons**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, Louisiana  70139**
**(504) 525-6802**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **James Nations, Jr. and Steak House Steaks, Inc.**


**Matthew J. Ungarino**
**Ungarino & Eckert L.L.C.**
**3850 North Causeway Boulevard**
**Suite 1280**
**Metairie, Louisiana  70002**
**(504) 836-7565**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Steak House Steaks, Inc.**


**J. Michael Nash**
**Ungarino & Eckert L.L.C.**
**910 Pierremont Road, Suite 351**
**Shreveport, Louisiana 71106**
**(318) 866-9599**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Steak House Steaks, Inc.**

**GENOVESE, Judge.**

Plaintiffs, Darnell and Michelle Carter, individually and as natural parents of Kyris Carter (deceased), appeal the judgment of the trial court sustaining an exception of no right of action in favor of Defendants, James Nations, Jr. and Steak House Steaks, Inc. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This matter is before the court on an exception of no right of action. On April 25, 2011, Darnell and Michelle Carter (Plaintiffs) filed a petition for wrongful death and survival action damages against James Nations, Jr., Steak House Steaks, Inc., and XYZ Insurance Company (Defendants). Plaintiffs' petition alleged damages in connection with the drowning of their son, Kyris Carter, on October 3, 2010.

Defendants filed an exception of no right of action, asserting that Darnell and Michelle Carter have no right under the law to bring this suit. Following a hearing on August 11, 2011, the trial court sustained Defendants' exception of no right of action. The trial court signed a judgment on September 8, 2011, dismissing Plaintiffs' claims against Defendants without prejudice. Plaintiffs have appealed.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiffs complain that the trial court erred: (1) in sustaining Defendants' exception of no right of action because they "are the proper parties to bring the claims that were asserted in this lawsuit[,]" and, (2) in dismissing Defendants from this suit.

## DISCUSSION

Plaintiffs' petition asserted that when Kyris drowned while attending a party, he was not married and had no children. Therefore, as Kyris' parents, Plaintiffs

asserted that they are the proper parties to bring wrongful death and survival actions pursuant to La.Civ.Code arts. 2315.1 and 2315.2.

Defendants, however, asserted that they neither hosted the ill-fated party nor owned the property where said party was held. Therefore, Defendants argued through their filing of a peremptory exception of no right of action that they are not the proper parties to be named as Defendants in these actions.

Louisiana Code of Civil Procedure Article 681 provides that "an action can be brought only by a person having a real or actual interest which he asserts." Pursuant to La.Code Civ.P. art. 927(A)(6), a defendant may challenge whether a plaintiff has such a real or actual interest in an action.

The classes of beneficiaries for wrongful death and survival actions are granted by special statute to specified survivors in order of exclusionary preference. Louisiana Civil Code Articles 2315.1 and 2315.2 state that, along with certain other relatives, the parents of a person who is unmarried and childless, and whose death was caused by the fault, offense, or quasi-offense of another, may bring wrongful death and survival actions within one year of the decedent's death. Specifically, La.Civ.Code art. 2315.1 provides:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> . . . .
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

Further, La.Civ.Code art. 2315.2 provides:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

. . . .

     (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

Our supreme court explained the peremptory exception of no right of action in *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56, as follows:

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*; *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 6-7 (La.3/17/06), 929 So.2d 1211, 1217; *Turner v. Busby*, 2003-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415-416; *Reese v. State, Dept. of Public Safety and Corrections*, 2003-1615, p. 3 (La.2/20/04), 866 So.2d 244, 246.
>
> The determination whether a plaintiff has a right to bring an action raises a question of law. A question of law requires *de novo* review. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 2006-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045.

The peremptory exception of no right of action is a procedural device to challenge whether a plaintiff is the proper party to file an action, not whether a defendant is the property party against whom an action can be filed. Plaintiffs clearly have a right of action pursuant to La.Civ.Code arts. 2315.1(A)(2) and 2315.2(A)(2). Plaintiffs are the proper parties to bring these wrongful death and survival actions. We find that the trial court legally erred in sustaining Defendants' peremptory exception of no right of action.

3

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings. Costs are assessed to Defendants/Appellees, James Nations, Jr. and Steak House Steaks, Inc.

**REVERSED AND REMANDED.**