JENKINS, J.,
Dissents with Reasons.
| defendant contends that the absence of the forensic evidence, and other exhibits and transcripts, from the appellate record entitles him to reversal of his conviction under State v. Walker, 02-1350 (La.App. 4 Cir. 4/9/03), 844 So.2d 1060. I agree that absence of Forensic Test Results and the Final Report containing the DNA profile in this case prevents adequate appellate review and merits reversal.
Generally, it is not enough to show that certain evidentiary portions of the trial record are missing. See State v. Pernell, 13-0180, p. 12 (La.App. 4 Cir. 10/2/13), 127 So.3d 18. Instead, where some evidentia-ry portion of the trial record is missing, the defendant has the burden of establishing that he or she is prejudiced by its absence. See, e.g., State v. Hawkins, 96-0766, p. 8 (La.1/14/97), 688 So.2d 473, 480. Sometimes, however, the prejudice to the defendant is plainly evident and the defendant’s burden is easily met. See, e.g., Walker, 02-1350, pp. 10, 13, 844 So.2d at 1065-66 (explaining that missing security camera and photo-lineup exhibits constituting the only evidence that the defendant had perpetrated the charged offenses, “clearly prejudiced” the review of the defendant’s conviction).
lain Walker, the security camera footage and photo-lineup pictures from which witnesses to the two charged crimes (one robbery and on attempted robbery) had identified the defendant as the perpetrator, were presented at trial but missing from the record on appeal. Id., 02-1350, p. 10, 844 So.2d at 1065-66. In the absence of any in-court identification the defendant as the perpetrator of the charged offences, this Court held that the missing evidence was “critical” to the conviction. Id., 02-1350, pp. 12-13, 844 So.2d at 1067. Also important to this Court’s decision was the fact that appellate counsel (who was different from trial counsel) was unable to review the missing evidence. Id., 02-1350, p. 12, 844 So.2d at 1067. On these bases, we reversed the defendant’s convictions as to both charges. Id., 02-1350, p. 14, 844 So.2d at 1067-68.
The case at bar is not materially different from Walker. Like the video and photographic evidence in Walker, the Forensic *239 Test Results and Final Report in this case were the only direct evidence admitted to prove Defendant’s guilt. Moreover, though several witnesses indicated that the defendant was the perpetrator of the 1996 rape and kidnapping of N.M., all of their testimony was based upon the identification provided by the forensic report and the DNA test results. I do not see how the underlying conviction can be affirmed merely on the testimony of those who introduced and explained these documents. The concept of full appellate review, at minimum, requires that the primary form of evidence proving a defendant’s guilt be present in the record. I further believe that the absence of this evidence creates an insurmountable difficulty for an effective review of the sufficiency of the evidence.
For the forgoing reasons, I respectfully dissent.