CRAIN, J.
|2The plaintiffs, Terri Clark and Betty Clark, appeal a judgment sustaining a peremptory exception of prescription and "dismissing their claims with prejudice. We affirm in part, reverse in part, and remand.
*144 FACTS
On March 9, 2005, the Clarks filed a petition against the. East Baton Rouge Parish Department of Public Works alleging that their immovable property had repeatedly sustained water damage due to defective storm drains and a defectively installed or maintained pump. According to the petition, the property experienced flooding in December 2000, August 2001, and March 2002, “as a result of defective storm drains, when the sewer backed-up and overflowed into the bathrooms of the property as it has done on a number of occasions past and since.” The Clarks reported the matter to the Department of Public Works, and a water pump, referred to in the petition as a “Liberty Pump,” was installed at the property in 2002. The petition further, alleges that the property “continued to experience plumbing and electrical problems” at various times throughout 2003, which prompted the Clarks to retain an engineer who determined that much of the damage was associated with poor drainage and the Liberty Pump. The petition alleges damages in the amount of $26,650.67 “[a]s a result of the continued flooding [and] sewage backup” caused by the defective drains and Liberty Pump, and that the plaintiffs “continue to suffer” a loss of use and enjoyment of their property along with other non-pecuniary damages.
In response to the petition, the City of Baton Rouge/Parish of East Baton Rouge filed an exception of vagueness, asserting that it was unable to determine “exactly what event dates the plaintiffs rely upon to seek damages from the LCity/Parish.”[1] The trial court granted the exception and ordered the Clarks to amend their petition.
The Clarks filed a first supplemental and amending petition on November 27, 2006, that reiterated their prior allegations and further alleged that the property experienced flooding in October 2003, February 2004, and March 2004, due to the defective Liberty Pump. The City/Parish responded with a motion to dismiss the claims on the basis that the amended pleading did not sufficiently clarify the Clarks’ .claims. The trial court agreed and ordered the Clarks to amend their petition within thirty days to allege clear and concise facts upon which their claim was based.
The Clarks filed a second supplemental and amending petition on October 31, 2008, alleging the following information. The plaintiffs owned a building' containing four apartments at 9121 Great Smokey in Baton Rouge, Louisiana. Due to drainage and sewer problems at the property, the City/Parish corresponded with the Clarks about their potential qualification to receive a Liberty Pump, which was thereafter installed at the property on or about September 1, 2002. Immediately following the installation of the pump, the Clarks renovated the apartment building to repair the previous damage caused by the sewage backup, including the installation of new carpeting, appliances, baseboards, and sheetrock.
The property continued to have problems with drainage and sewage issues, allegedly due to the faulty Liberty Pump, and the Clarks were again forced to replace the flooring and appliances in all four apartments. Repeated calls and complaints to the City/Parish ultimately led to the installation of a second Liberty Pump on or about February 3, 2004. Following the installation of the second pump,, the *145 property continued to experience flooding or sewage backups on | ¿numerous occasions, including March 9, 2004, March 17, 2004, and November 3, 2004.
Repeated calls and complaints to the City/Parish ultimately led to the installation of a third Liberty Pump on or about November 3, 2004. The Clarks continued to experience problems with drainage and sewage that required service-calls on January • 5, 2005, and March 8, 2005. The Clarks allege that the continued flooding and sewage backups were due to the City/Parish’s failure to maintain storm drains and the failure to properly install or maintain the Liberty Pumps. The-second amendment to the petition also avers that in the fall/winter of 2005, the Clarks were ultimately forced to sell the property for less than its market value due to the drainage and sewage issues.
The City/Parish filed another motion to dismiss asserting that the second amending petition failed to comply with the trial court’s order. The motion was denied; and, after filing an answer and conducting discovery, the City/Parish "filed a peremptory exception of prescription asserting that all claims set forth in the original and amending petitions had prescribed. The City/Parish argued that the Clarks’ claims were subject to a one-year prescriptive period and that all claims alleged in the original petition arose more than one year prior to its filing on March 9, 2005. The claims arising after March 9, 2004, according to the City/Parish, were alleged only in the amending petitions, and those pleadings were filed more than one year after the damages were sustained. The Gity/Parish further contended that the amending petitions did not relate back to the filing of the original petition, because the original petition did not contain sufficient allegations to afford fair notice of any claims arising after March 9,2004.
The Clarks filed an opposition but conceded that any claims arising before March 9, 2004, had prescribed. As to the claims arising on or after that date, the IfiClarks asserted that the claims were timely because the amending petitions related back to the date of the filing of the original petition in accordance with Louisiana Code of Civil Procedure article 1153, which provides:
When.the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or, attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. ■
Arguing that the claims in the amending petitions arose from the same conduct, transaction, or occurrence alleged in the original petition, the Clarks cited allegations in the original petition'averring that the flooding had occurred “on a number of occasions past and since” and that the Clarks had sustained damages as a result of “the continued flooding [and] sewage back-up” caused by the City/Parish’s failure to “maintain the. storm drains and improper or defective installation and/or maintenance of the Liberty Pump.”
The trial court held a hearing on . the exception and ruled in favor of the City/Parish, sustaining the exception of prescription as to all claims. A judgment was signed on July 13,2015, that dismissed the Clarks’ petition with prejudice. The Clarks now appeal.
DISCUSSION
In their sole assignment of error, the Clarks assert that the claims for damages sustained on or after March 9, 2004, have not prescribed and that the trial court erred in finding that the second amending petition did not relate back to the date of *146 the filing of the original petition on March 9, 2005.[2]
Generally, a trial court’s factual findings on a peremptory exception of prescription, such as the date on which prescription begins to run, are reviewed on appeal under the manifest error-clearly wrong standard of review. McKenzie v. Imperial Fire and Casualty Insurance Company, 12-1648 (La.App. 1 Cir.7/30/13), 122 So.3d 42, 46, writ denied, 13-2066 (La.12/6/13), 129 So.3d 534. However, in this case, the only issue is whether Article 1153’s “relation back” provision applies to the claims set forth in the second amending petition. The proper application and interpretation of a statute is a question of law. McKenzie, 122 So.3d at 46. In a case involving no disputed material facts, but only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. Cawley v. National Fire & Marine Insurance Company, 10-2095 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 237; TCC Contractors, Inc. v. Hospital Service District No. 3 of Parish of Lafourche, 10-0685 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108.
Pursuant to Article 1153, an amendment to a petition relates back to the date of filing the original petition when the action or defense asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Article 1153 should be applied liberally and without undue restriction by technical rules, consistent with the principle that prescriptive statutes are to be construed in favor of maintaining rather than barring actions. See Winford v. Conerly Corp., 04-1278 (La.3/11/05), 897 So.2d 560, 568 (quoting Baker v. Conagra Broiler Company, 93-1230 (La.App. 3 Cir. 5/4/94), 640 So.2d 494, 497, writ denied, 94-1435 (La.9/23/94), 642 So.2d 1289). If a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition, and prescription with regard to the amendment is interrupted as of the filing date of the original petition. See Reese v. State Department of Public Safety and Corrections, 03-1615 (La.2/20/04), 866 So.2d 244, 248. No essential purpose of a prescriptive statute is violated by permitting relation back of a post-prescriptive amendment based on the same factual situation if the original pleading gives actual notice to a party that a formal claim is being made based on a particular factual situation. See Winford, 897 So.2d at 568 (quoting Baker, 640 So.2d at 497).
When reviewing the original petition, the focus is on what the plaintiffs included in the pleading, not what was omitted. See Reese, 866 So.2d at 249. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, an amendment should be allowed and excepted from the interests intended to be protected by the prescriptive statutes. Reese, 866 So.2d at 248. During this inquiry, the court should keep in mind the general rule that pleadings should be construed in such a manner as to achieve substantial justice; harsh, technical rules of pleadings are not favored in Louisiana *147 in order to arrive at the truth and avoid miscarriages of justice. Reese, 866 So.2d at 249; see also La.Code Civ. Pro. arts. 854, 865.
Here, the second amending petition sought recovery for property damages that occurred on several occasions on and after March 9, 2004, allegedly due to defective storm drains and pumps. The amendment will relate back to the date of the filing of the original petition if the original petition gave the City/Parish fair notice of the factual situation giving rise to the amendment. See Reese, 866 So.2d at 248; Raborn v. Albea, 13-0633 (La.App. 1 Cir. 4/16/14), 144 So.3d 1066, 1071, writ denied, 14-1239 (La.9/26/14), 149 So.3d 264. Raborn, 144 So.3d at 1071.
|/The original petition alleges the following information relative to the Clarks’ claims:
II.
On or about December 2000, August 2001 and March 2002, Petitioners’ property experienced flooding as a result of defective storm drains, when the sewer backed-up and overflowed into the bathrooms of the property as it has done on a number of occasions past and since.
[[Image here]]
V.
Shortly [after reporting the damages to the East Baton Rouge Parish Department of Public Works], William L. Clark received correspondence from Mr. David Radcliff of the [Department] stating that the property may qualify for a Liberty Pump.
VI.
On or about September 1, 2002, a Liberty Pump was installed at the property and thereafter, Petitioners began repairs and renovations to the damaged property.
VII.
At various times through the year 2003, the property continued to experience plumbing and electrical problems.
* * *
IX.
On March 1st, 2004, Petitioners hired a certified engineer to perform an inspection of the property to determine the true cause of the damage.
X.
On March 9th, 2004, the engineer issued a written report detailing the source of much of the damage to be associated with poor drainage and the Liberty Pump.
XI.
On or about March 12th, 200b, a meeting was held at the property with Petitioners and representatives of the [Department], Petitioners were informed that the continued problems were not due to |aa defective Liberty Pump because the alarm did not go off, the light was not on and the switch was in the appropriate position.
XII.
As a result of the continued flooding, sewage back-up and Petitioners’ reliance upon assurances of representatives of the [Department], petitioners suffered damages totaling $26,650.67 (TWENTY SIX THOUSAND SIX HUNDRED FIFTY DOLLARS and 67/100s). ■
XIII.
Petitioners allege that the property has been rendered unfit for residential *148 use- and human habitation due to the vices and defects. Petitioners further allege that the cause of the vices and defects are due to Defendant’s negligent, fraudulent, and/or intentional acts in failing to maintain the storm drains and improper or defective installation and/or maintenance of the Liberty Pump.
[[Image here]]
XV.
As a result of the conduct alleged, Petitioners have experienced, and continue to suffer, loss of use and enjoyment of the property, inconvenience, emotional and mental distress, attorneys’ fees and [court] cost. (Emphasis added.)
As reflected in these allegations, the original petition seeks recovery for damages arising out of the repeated flooding of the Clarks’ property due- to allegedly defective storms drains and a pump that was improperly installed or maintained. The factual connexity between these allegations and the allegations of the second amending petition is readily apparent on the face of the pleadings. Both pleadings seek recovery for the damages resulting from flooding allegedly caused by the defective storm drains and pumps.
In an attempt to distinguish the allegations in the original petition from those contained in the second amending petition, the City/Parish argues that the original petition only specifies three dates of alleged flooding, December 2000, August 2001, and March 2002, all of which are prescribed. While the original petition does begin by identifying those dates, the pleading contains multiple allegations |^thereafter asserting that the flooding is a continuing problem. The sentence that alleges the previous flooding events from 2000 through 2002 also asserts that the sewer has backed up and overflowed into the property “on a number of occasions past and since.” The original petition further alleges that the Clarks were informed at a meeting with Department representatives on March 12, 2004, which is within one year' of the filing of the suit, that “the continued problems” were not due to’ the allegedly defective pump. The petition concludes with an allegation that thé Clarks “continue to suffer” damages as a result of the defendant’s actions.
The City/Parish argues that it-“could reasonably have interpreted ■ the [allegations] to mean ... the problems were ongoing during the time frame discussed in the petition.” The original petition does not confine the flooding problem to a particular ’time frame. The pleading alleges continuing problems with flooding that were ongoing at least through the time of the March 12, 2004 meeting with the Department representatives. The original petition does not allege that the flooding problems ceased at some point.
The allegations in the original petition, particularly when construed to do substantial justice and under a liberal application of Article 1153, were sufficient to put the City/Parish on notice that the Clarks were seeking recovery for property damages resulting from recurrent and ongoing problems with flooding allegedly caused by defective storm drains and pumps. The second amending petition created no surprise or prejudice to the defendant and merely clarified the claims; therefore, the second amending petition relates back to the filing of the original petition. See La. Code Civ. Pro. art. 1153; Reese, 866 So.2d at 250; Thomas v. Mobil Oil Corporation, 05-0002 (La.App. 4 Cir. 4/13/05), 901 So.2d 1182, 1187, writ denied, 05-1258 (La.11/29/05), 916 So.2d 171 (in concluding that the original petition would put a reasonable defendant on notice that its allegedly.^ excessive emissions were causing damage to neighboring residents, court *149 noted that the “use -of the present and present perfect tenses throughout the petitions, and the reference to nuisance claims that are by their nature ongoing in this context, would put a reasonable defendant on notice that ... its ongoing consistent actions would form the basis for additional damage claims”)' The trial court erred in sustaining the exception of prescription for- the claims arising on or after March 9, 2004.
CONCLUSION
The July 13, 2015 judgment- is affirmed to the exteht it sustained thé peremptory exception of prescription and dismissed any and all claims for damages occurring before March 9, 2004. The judgment is reversed insofar as it sustained the exception of prescription and dismissed, any and all claims for damages occurring on or after March' 9, 2004. The case is remanded for further proceedings in accordance herewith, and costs of this appeal in the amount of $916.50 are assessed to the City of East Baton Rouge/Parish of East B.aton Rouge.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. In the exception, the City/Parish stated that it was incorrectly cited in the petition as the “East Baton Rouge Parish of Department of Public Works.” We will refer tó the defendant herein as tire "City/Parish.”

. The Clarks do not dispute that any claims for property damages that occurred before March 9, 2004, have prescribed. See La. R.S. 13:5108; La. Civ. Code art. 3492. To the extent the judgment dismissed those claims, the trial court’s judgment is affirmed in part.