NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-568

L&W ENTERPRISES

VERSUS

YOR-WIC CONSTRUCTION COMPANY, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
CITY COURT, WARD ONE
NATCHITOCHES PARISH
NO. 30,375
HONORABLE FRED S. GAHAGAN, CITY JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry,
Judges.

JUDGMENT VACATED;
RENDERED; AND REMANDED.

Vincent J. Booth
Booth & Booth, APLC
138 North Cortez Street
New Orleans, LA 70119
(504) 482-5292
COUNSEL FOR DEFENDANT/APPELLANT:
        Yor-Wic Contruction Company, Inc.

C. R. Whitehead, Jr.
WHITEHEAD LAW OFFICES
P.O. Box 697
Natchitoches, LA 71458-0697
(318) 352-6481
COUNSEL FOR PLAINTIFF/APPELLEE:
        L&W Enterprises

**KYZAR, Judge.**

The defendant, Yor-Wic Construction Company, Inc., appeals from a city court judgment awarding the plaintiff, L & W Enterprises, damages as a result of its trespass onto property owned by the plaintiff. For the following reasons, we vacate, render, and remand for further proceedings.

## DISCUSSION OF THE RECORD

On April 5, 2018, L & W Enterprises (L & W) filed suit against Yor-Wic Construction Company, Inc. (Yor-Wic), seeking damages based on its trespass onto property allegedly belonging to it. L & W alleged that on July 19, 2017, Yor-Wic trespassed on its property "with personnel, various vehicles and/or equipment[,]" and that it "suffered damage in the form of being disposed of its property by the actions of YOR-WIC." It further alleged that it had not given Yor-Wic permission or consent to enter onto its property.

Citation was personally served on David Wicker, Yor-Wic's agent for service of process, on April 9, 2018.[1] Thereafter, following a hearing on April 23, 2018, at which Yor-Wic was not present, the city court rendered an oral default judgment in favor of L & W, finding Yor-Wic liable in trespass and awarding L & W $2,000.00 in damages. A written judgment was rendered by the city court on April 23, 2018. It is from this judgment that Yor-Wic appeals.

On appeal, Yor-Wic raises four assignments of error committed by the city court judge:

1.     The trial court erred in rendering a judgment against the defendant as the record contains no citation and no evidence that the defendant was ever served with the petition.

---

[1] On September 10, 2018, the Natchitoches City Court ordered the clerk of the city court to supplement the record on appeal in this matter by forwarding the April 9, 2018 citation and return to this court.

2. The trial court erred in awarding damages to the plaintiff L & W Enterprises, as the evidence in the record shows that plaintiff does not have an ownership interest in the subject property.

3. The trial court erred in awarding damages for trespass, as there is no evidence in the record of any damage or injury to the property.

4. The trial court erred in awarding general damages for mental anguish or inconvenience, as Louisiana law clearly provides that entities such as the plaintiff partnership are not capable of suffering mental anguish or inconvenience damages.

Additionally, Yor-Wic filed a peremptory exception of no right of action in this court, arguing that because L & W was not the owner of the property at issue, it had no right to institute the lawsuit at issue. This exception was referred to the merits of the appeal. Because we find that the resolution of the exception will dispose of Yor-Wic's appeal, we need not address its assignments of error.

***Peremptory Exception of No Right of Action***

Pursuant to La.Code Civ. P. art. 2163, "The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground for the exception appears of record."

The law pertaining to an exception of no right of action was laid out by the supreme court in *Miller v. Thibeaux*, 14-1107, pp. 5-6 (La. 1/28/15), 159 So.3d 426, 430, as follows:

> Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest, which he asserts. LSA-C.C.P. art. 681. *See also Reese v. State Department of Public Safety and Corrections*, 03-1615 (La.2/20/04), 866 So.2d 244, 246. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Id.* (citing LSA-C.C.P. art. 927). The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *Id.* For

2

purposes of the exception, all well-pleaded facts in the petition must be taken as true. *Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation*, 10-2267 (La.10/25/11), 79 So.3d 246, 253.

In its April 5, 2018 petition, L & W alleged that it "is the owner of a certain parcel of land located within the territorial jurisdiction of this court, bearing municipal address of 320 South Drive, Natchitoches, LA 71457 and legal description of Lot 1-A of Block G of Shamrock Park, Natchitoches Parish, Louisiana." It further alleged that Yor-Wic trespassed onto this property, that it suffered damages as a result of this trespass, and that it had neither permitted nor consented to Yor-Wic occupying or working on its property.

During the April 23, 2018 default judgment hearing, L & W introduced various documents into evidence in support of its claim that it is the owner of the property that Yor-Wic trespassed upon. These documents, which included a certificate of title, performed by Charles R. Whitehead, III, and a 2018 assessment listing by the Natchitoches Parish Tax Assessor, indicate that the property is owned by the following parties: 1) Charles R. Whitehead, III, the John Louis Whitehead and Mary Edith Whitehead Trust, and the John P. Lawson and Marilyn P. Lawson Living Trust (certificate of title) and 2) the John P. Lawson Living Trust, et al. (the 2018 assessment). Neither document listed L & W as an owner of the property.

Based on the evidence, we find that L & W, because it is not the owner of the subject property, is not a member of the class that has a legal interest in the subject matter of this litigation. Accordingly, we vacate the city court judgment and render judgment sustaining Yor-Wic's exception of no right of action. However, we remand the matter to the city court to allow L & W the opportunity to amend its petition to show that it has a cause of action in this matter. La.Code Civ.P. art. 934.

3

## DISPOSITION

For the foregoing reasons, we vacate the judgment of the Natchitoches City Court and render judgment in favor of Yor-Wic Construction Company, Inc., sustaining its peremptory exception of no right of action. The matter is remanded to the Natchitoches City Court to allow L & W Enterprises the opportunity to amend its petition. The costs of this appeal are assessed to L & W Enterprises.

**JUDGMENT VACATED; RENDERED; AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

4