JAMES F. MCKAY III, CHIEF JUDGE
This is a personal injury case. The plaintiff, Roderick F. Lee ("Mr. Lee"), appeals the June 22, 2018 judgment granting an exception of prescription filed by the defendants, State Farm Mutual Automobile Insurance Company ("State Farm"), and dismissing the matter with prejudice. For the reasons set forth below, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On August 15, 2009, Mr. Lee was involved in an automobile accident with another vehicle driven by State Farm's insured, Thomas Sapp ("Mr. Sapp"). Mr. Lee filed a petition for damages on July 12, 2010, alleging Mr. Sapp's negligence. State Farm denied coverage, asserting that Mr. Sapp's policy of insurance was not *900 in effect on the date of the accident, because the policy had not been renewed. In a prior appeal, this Court held that coverage existed at the time of the accident. Lee v. Sapp , 2014-1047 (La. App. 4 Cir. 3/4/15), 163 So.3d 60. ( Sapp I ).
In support of their coverage defense, State Farm relied on the August 16, 2013 affidavit ("first affidavit") of Jonathan Owens, which stated that State Farm sent a non-renewal notice to Mr. Sapp on March 17, 2009, advising him that his policy would not renew after June 3, 2009, unless Mr. Sapp contacted an agent in his new area of residence to transfer the policy. The affidavit also states that Mr. Sapp did not renew the policy. After discovery, State Farm produced Jonathan Owens' January 24, 2014 affidavit ("second affidavit"), stating that upon further review of the underwriting file, the March 17, 2009 notice was not sent to Mr. Sapp.
In light of the information presented in State Farm's second affidavit, Mr. Lee asserts that the first affidavit was false. On July 13, 2016, Mr. Lee filed a Second Supplemental and Amended Petition, asserting various first-party and third-party bad faith claims against State Farm.
On August 24, 2016, Mr. Lee entered into a settlement with Mr. Sapp and State Farm, reserving all bad faith claims asserted against State Farm in the Second Supplemental and Amended Petition. In a prior proceeding, all of the first-party bad faith claims were dismissed. See Lee v. Sapp , 2017-0490 (La. App. 4 Cir. 12/6/17), 234 So.3d 122. ( Sapp II ). Thus, the only action remaining in this case is Mr. Lee's claim of misrepresentation against State Farm brought pursuant to La. R.S. 22:1973(B)(1).[1]
In response to Mr. Lee's Second Supplemental and Amended Petition, State Farm filed an exception of prescription with respect to the remaining misrepresentation claim. State Farm argues that their discovery response, which included the second affidavit, was sent to Mr. Lee's attorney of record on January 27, 2014. Therefore, State Farm submits that as of January 27, 2014, Mr. Lee was placed on notice of any potential claim for misrepresentation, and he had until January 27, 2015, to file his action. The Second Supplemental and Amended Petition was not filed until July 13, 2016.
The matter was brought before the trial court on May 25, 2018. Judgment was rendered on June 22, 2018, granting State Farm's exception of prescription, and dismissing Mr. Lee's remaining bad faith claim for misrepresentation with prejudice.
In this pro se appeal, Mr. Lee's assignments of error are not clearly enumerated. He argues, generally, that: (1) the Second Supplemental and Amended Petition related back to the original petition; and (2) prescription was interrupted and/or renounced by State Farm when they tendered payment on September 9, 2016.[2] For the reasons explained below, we find no merit in any of Mr. Lee's arguments.
LAW AND ANALYSIS
The sole issue before us is whether the trial court erred in granting State Farm's exception of prescription. "Generally, the party urging an exception of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face, in which case the burden shifts to the plaintiff."
*901 Duckworth v. La. Farm Bureau Mut. Ins. Co. , 2011-2835, p. 26 (La. 11/2/12), 125 So.3d 1057, 1072. (internal citations omitted). "Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true." Id. In this case, no evidence was introduced at the trial on the peremptory exception; thus, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
I. Relation Back of Second Supplemental and Amended Petition
The Second Supplemental and Amended Petition asserts a third party claim alleging that State Farm committed bad faith by misrepresenting facts in claiming to have mailed a crucial notice and non-renewal to Mr. Sapp when, in fact, it was not mailed. This claim for misrepresentation under La. R.S. 22:1973(B)(1) is subject to a one-year prescriptive period. La. C.C. art. 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year."
It is undisputed that the misrepresentation claim was filed more than one year from the date that Mr. Lee received notice of the second affidavit. However, Mr. Lee argues that the Second Supplemental and Amended Petition relates back to the timely filing of the original petition. We find no merit in this argument.
La. C.C.P art. 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The Louisiana Supreme Court set forth the applicable law pertaining to the relation back of amended petitions pursuant to La. C.C.P. art. 1153 in Reese v. State, Dept. of Public Safety & Corrections , 2003-1615 (La. 2/20/04), 866 So.2d 244, as follows:
Pursuant to [ La. C.C.P. art. 1153 ], so long as a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition and prescription with regard to the amendment is interrupted as of the filing date of the original petition. Giroir v. South Louisiana Med. Ctr. , 475 So.2d 1040 (La. 1985). Where there is some factual connexity between the original and amended assertions, ... amendment should be allowed and excepted from the interests intended to be protected by the prescriptive statutes. Baker v. Payne & Keller of Louisiana, Inc. , 390 So.2d 1272, 1275 (La. 1980) ; Tate, J., Amendment of Pleadings in Louisiana , 43 Tul.L.Rev. 211, 234 (1969). The essence of interruption of prescription is notice. Gunter v. Plauche , 439 So.2d 437, 440 (La. 1983).
... [T]he focus is on what the plaintiff has included in his original petition, not what was omitted. Further, during this inquiry, the court should keep in mind the general rule that pleadings should be construed in such a manner as to achieve substantial justice. La. C.C.P. art. 865 ; Katz v. Katz , 412 So.2d 1291, 1293 (La. 1982). Harsh, technical rules of pleadings are not favored in Louisiana in order to arrive at the truth and avoid miscarriages of justice. La. C.C.P. art. 854 ; Budget Plan of Baton Rouge, Inc. v. Talbert , 276 So.2d 297, 302 (La. 1973).
Reese , 2003-1615, pp. 6-7, 866 So.2d at 248-249.
*902 Mr. Lee's original petition asserted an action for personal injuries. Clearly, it did not give fair notice of the misrepresentation claim later raised in the Second Supplemental and Amended Petition. The misrepresentation claim is an entirely new and distinct cause of action, which does not arise out of the conduct asserted in the original petition. Accordingly, we find no error in the trial court's finding that the misrepresentation claim did not relate back to the date of the original petition.
II. Interruption/ Renunciation
Mr. Lee argues for the first time on appeal that prescription was interrupted by acknowledgement and/or tacit renunciation when State Farm tendered payment on or about September 9, 2016, pursuant to settlement of the case-in-chief. Mr. Lee did not raise this issue in the trial court. Generally, appellate courts will not consider issues raised for the first time on appeal, which are not pleaded and addressed in the trial court. Geiger v. State ex rel. Dept. of Health and Hosp. , 2001-2206, p. 10 (La. 4/12/02), 815 So.2d 80, 86. (internal citations omitted). Moreover, in connection with this argument, Mr. Lee attaches exhibits to his appellate brief, which are not a part of this record on appeal. Accordingly, the issue of whether the settlement of the principal action constituted an acknowledgement and/or renunciation sufficient to interrupt prescription will not be addressed herein.
CONCLUSION
For the foregoing reasons, the Second Supplemental and Amended Petition did not relate back to the filing of the original petition for damages. Accordingly, we find no error in the trial court's judgment, granting State Farm's exception of prescription, and dismissing Mr. Lee's misrepresentation claim with prejudice. The trial court's judgment is affirmed.
AFFIRMED

La. R.S. 22:1973(B)(1) sets forth a cause of action for "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue."

This argument was not raised in the trial court.